**SEALED**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: <u>19-cr-20450-SCOLA</u>

UNITED STATES OF AMERICA,

   Plaintiff,

v.

ALEX NAIN SAAB MORAN,

   Defendant.

_____/

*EX PARTE*
<u>FILED UNDER SEAL</u>

FILED BY NJC D.C.
Feb 23, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

### UNITED STATES' *EX PARTE* NOTICE OF ADDITIONAL FACTS IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER CONFERRING FUGITIVE STATUS AND FOR LEAVE FOR SPECIAL APPEARANCE TO CHALLENGE INDICTMENT

  The United States of America, through the undersigned counsel, pursuant to United States District Court for the Southern District of Florida Local Rule 5.4(d), hereby files this *Ex Parte* Notice of Additional Facts in Support of the Response in Opposition to Defendant Alex Nain SAAB MORAN's ("SAAB MORAN") Motion To Vacate Order Conferring Fugitive Status And For Leave For Special Appearance To Challenge Indictment (hereinafter "the Motion"). [DE 24].

### FACTS SUPPORTING UNDER SEAL, *EX PARTE* FILING

  The United States files this Notice of Additional Facts *ex parte* due to the fact that disclosure of these facts, even to purported counsel for SAAB MORAN, counsel from Baker Hostetler, could result in harm to SAAB MORAN and/or his family. The additional facts discussed herein relate to SAAB MORAN's cooperation with law enforcement prior to being indicted in the Southern District of Florida. In particular, over the course of nearly twelve (12) months, SAAB MORAN cooperated with agents from the Drug Enforcement Administration ("DEA"), provided DEA with information about his criminal activity, engaged in proactive

cooperation as a confidential source for the DEA, and forfeited money to the United States and DEA as part of an agreement to self-surrender in the United States in order to face charges for his criminal conduct. In light of SAAB MORAN's cooperation, which included providing law enforcement with information about the bribes that he paid and the crimes that he committed, the United States has concerns regarding the safety and security of SAAB MORAN and/or his family were this information to be disclosed to the Maduro Regime in Venezuela. *See* "Venezuelan charged in Miami money laundering case gunned down by motorcycle assassin," Sept. 2, 2020, available at https://www.miamiherald.com/news/local/article245436795.html.

As noted in the government's publicly-filed response in opposition to the Motion, counsel from Baker Hostetler has failed to prove to the satisfaction of the United States that they actually represent SAAB MORAN and not some other entity or individual, including (perhaps unknowingly) the Government of Venezuela. Irrespective of whether or not counsel from Baker Hostetler actually represent SAAB MORAN, the disclosure of the below-listed facts could nevertheless endanger SAAB MORAN and potentially his family, some of whom are still in Venezuela. If counsel from Baker Hostetler do in fact represent SAAB MORAN, a man who is currently under house arrest in Cabo Verde fighting extradition to the United States and who has not received any visits from citizens of the United States, it stands to reason that any communications between counsel from Baker Hostetler and SAAB MORAN would need to be conducted through a third party. Therefore, disclosure of the below-listed facts to counsel from Baker Hostetler could potentially lead to disclosure to such a third-party, who may intentionally or unintentionally reveal the same facts to representatives from the Venezuelan government, creating potential risk of harm to SAAB MORAN and/or his family.

Indeed, the contents of the Motion filed by counsel from Baker Hostetler suggests that they may not, in fact, actually represent SAAB MORAN.  In particular, the Motion fails to mention or even allude to SAAB MORAN's cooperation with law enforcement, including that SAAB MORAN provided information about the bribes that he paid, the crimes that he committed, and the monies he forfeited to DEA – all facts that conflict-free counsel would normally disclose and confront in such a filing, at a minimum in a sealed filing.  The fact that counsel from Baker Hostetler did not mention those facts in the Motion, even in a sealed filing, raises the significant possibility that the lawyers were retained by another individual or entity.  Therefore, disclosure of the below-listed facts to counsel from Baker Hostetler raises a significant concern that, if counsel do not actually represent SAAB MORAN, but rather some other third party, the sensitive information described below could be provided to the Venezuelan government, potentially creating a risk of harm for SAAB MORAN and/or his family.  Accordingly, the United States requests permission to make this filing under seal and *ex parte*.

While courts recognize a "qualified First Amendment right" to access judicial documents and proceedings and a presumptive right of access to judicial documents under the common law, *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028-1030 (11th Cir. 2005) (citing *Globe Newspaper Co. v. Superior Court for the County of Norfolk*, 457 U.S. 596, 603 (1982); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978)), that right of access is not absolute. The public's "qualified" right of access may be overcome in certain circumstances, including where a court makes "specific" findings regarding "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Ochoa-Vasquez*, 428 F.3d at 1030; *see United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005). Where, as here, the denial of public access is "necessitated by a compelling governmental interest,

and is narrowly tailored to serve that interest," a limited sealing order is appropriate. *Globe Newspaper Co.*, 457 U.S. at 606-07.

In the event that the Court denies the request for this *ex parte* filing, the United States respectfully requests that the Court grant it leave to re-file the notice of additional facts in a modified format under seal and pursuant to a protective order restricting dissemination of the filing only to counsel from Baker Hostetler.

## ADDITIONAL FACTS IN SUPPORT OF THE APPLICABILITY OF THE FUGITIVE DISENTITLEMENT DOCTRINE

In support of the position of the United States that SAAB MORAN is a fugitive and that the fugitive disentitlement doctrine should apply to him and the pending Motion should be denied without prejudice, the United States states the following:

On August 8 and August 10, 2016, SAAB MORAN, represented by criminal counsel in the United States and his Colombian lawyer,[1] met with special agents from the DEA and the Federal Bureau of Investigation ("FBI") in Bogota, Colombia. During these meetings, SAAB MORAN was debriefed and provided information relating to certain of his companies that contracted with the Government of Venezuela to build low-income housing, including how those companies were paid in connection with the contracts and how the money flowed after his companies received the funds. On November 28, 2017, SAAB MORAN, joined by his Colombian counsel, met with special agents from the DEA and an Assistant United States Attorney for another debriefing.

---

1 This is the same Colombian law firm that issued a press release when SAAB MORAN was sanctioned by the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC") on July 25, 2019, the same day SAAB MORAN was indicted in this criminal case in the Southern District of Florida. [See DE 24, Exhibit 1.]

On June 2, 2018, a different U.S. counsel met with SAAB MORAN and subsequently provided a draft attorney proffer via email to U.S. counsel which stated that bribes were paid to Venezuelan government officials. In subsequent debriefings, SAAB MORAN admitted to the government that he had paid bribes to Venezuelan government officials in connection with the contracts he was awarded for providing food to Venezuela.

On June 27, 2018, SAAB MORAN signed a cooperating source ("CS") agreement with the DEA and became an active law enforcement source shortly thereafter, communicating with special agents from the DEA via telephone, text, and voice messaging. As part of his cooperation, SAAB MORAN also engaged in proactive cooperation.

SAAB MORAN also agreed to disgorge profits obtained by SAAB MORAN and his co-defendant Alvaro Pulido Vargas, a/k/a "German Enrique Rubio Salas," from illicit activity conducted as part of the conspiracy. For example, on approximately August 9, 2018, SAAB MORAN caused a wire transfer of $3,255,593.90 from an account he controlled to a bank account controlled by DEA. In addition, on approximately September 24, 2018, SAAB MORAN caused a wire transfer of $3,313,757.69 from an account he controlled to a bank account controlled by DEA. Also, on approximately November 1, 2018, SAAB MORAN caused a wire transfer of $3,138,844.70 from an account he controlled to a bank account controlled by DEA. Finally, on approximately February 5, 2019, SAAB MORAN caused a wire transfer of $2,942,501.37 from an account he controlled to a bank account controlled by DEA.

On April 4, 2019, SAAB MORAN, represented by his U.S. counsel, met with special agents from the DEA and prosecutors from the U.S. Attorney's Office and the Department of Justice in Europe. At that meeting, SAAB MORAN was provided a deadline by which to surrender to U.S. authorities in the Southern District of Florida in connection with his criminal conduct.

SAAB MORAN was further advised that, if he failed to surrender by May 30, 2019, he would no longer remain a cooperating source and would be charged criminally in the Southern District of Florida.

In subsequent communications with SAAB MORAN through text messages in May 2019, special agents from the DEA reiterated the deadline by which SAAB MORAN would need to self-surrender to U.S. authorities in the Southern District of Florida and noting that a failure to surrender would result in SAAB MORAN no longer remaining a cooperating source, being placed on the OFAC sanctions list, and being charged criminally,  On May 30, 2019, the DEA began to deactivate SAAB MORAN as a cooperating source and have not receive any further communications from SAAB MORAN since that time.

On July 25, 2019, SAAB MORAN was indicted in this case in the Southern District of Florida.  Following this indictment, the DEA agents and counsel for the government communicated with then U.S. counsel for SAAB MORAN regarding the charges.  Counsel for the government also has been in more recent communication with another U.S. counsel for SAAB MORAN, Neil M. Schuster, who produced a signed representation letter from SAAB MORAN about SAAB MORAN's potential for cooperation if he were extradited to the United States. Counsel from Baker Hostetler informed undersigned counsel that they were aware of Neil M. Schuster's potential representation of SAAB MORAN, but stated that they have not inquired regarding the scope of his representation on behalf of SAAB MORAN.

As the relevant question in determining whether SAAB MORAN is a fugitive under the fugitive disentitlement doctrine is whether he "knew of the indictment and 'refused to surrender himself to th[e] jurisdiction of the court,'" these additional facts, submitted *ex parte*, clearly help establish that SAAB MORAN is, in fact, a fugitive in this pending criminal case, and therefore,

should not be able to avail himself of the process of the Court without appearing personally. *See United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017) (quoting *United States v. Barnette*, 129 F.3d 1179, 1184 (11th Cir. 1997)); *see also Barnette*, 129 F.3d at 1184 ("[I]ntent to flee from prosecution or arrest may be inferred from a person's failure to surrender to authorities." (quoting *In re Assets of Martin*, 1 F.3d 1351, 1356 (3d Cir. 1993)); *Schuster v. United States*, 765 F.2d 1047, 1050-51 (11th Cir. 1985) (explaining that an individual outside of the United States may be a "fugitive from justice" if he is "absen[t] with intent of escaping prosecution"). For example, as the above facts make clear, agents from the DEA and government counsel specifically advised SAAB MORAN in April and May 2019 that his failure to surrender to U.S. authorities would result in him being charged in the Southern District of Florida – which occurred shortly thereafter in July 2019. In addition, government counsel specifically advised SAAB MORAN's counsel that he had been charged very shortly after the return of the indictment. Rather than address those charges in the United States, SAAB MORAN chose to remain a fugitive in Venezuela, until his arrest in Cabo Verde while en route to Iran in July 2020. Finally, SAAB MORAN has opted to remain a fugitive in light of the significant evidence against him, including statements made during the course of his cooperation with the DEA.

## **CONCLUSION**

For the above-stated reasons, as well as those addressed in the government's publicly-filed Response in Opposition to Defendant Alex Nain SAAB MORAN's Motion To Vacate Order Conferring Fugitive Status And For Leave For Special Appearance To Challenge Indictment, respectfully requests that the Court deny the Motion without prejudice.[2]

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
Kurt K. Lunkenheimer
Assistant U.S. Attorney
Court ID No. A5501535
99 N.E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9008
Kurt.Lunkenheimer@usdoj.gov

DANIEL S. KAHN
ACTING CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

By: *Alexander Kramer*
Alexander Kramer
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Court ID No. A5502240
1400 New York Ave. NW
Washington, DC 20005
TEL (202) 768-1919
alexander.kramer@usdoj.gov

---

[2] As noted above, in the event that the Court denies the request for this *ex parte* filing, the United States respectfully requests that the Court grant it leave to re-file the notice of additional facts in a modified format under seal and pursuant to a protective order restricting dissemination of the filing only to counsel from Baker Hostetler.