# EXHIBIT 7



28th February 2021

Dear Sirs,

**Re: Portuguese into English Certified Translation**

Language Reach Limited is a UK-registered professional translation and interpreting company and a fully qualified registered member of The Association of Translation Companies (Member No. 2018ATCR1238). We hereby confirm that we have translated the enclosed document(s) from Portuguese into English.

As a responsible translation agency we only employ certified linguists to work with us. We are satisfied with the linguistic accuracy and hereby confirm that the English written translation of the Portuguese document(s) represents its fair and accurate linguistic message as intended in the original file(s).

We hereby confirm that this is a true and correct translation and certify the linguistic accuracy.

For more information, please contact Language Reach Limited on +44 (0) 208 677 3775.

Yours sincerely,




**Aniello Attianese**
Senior Account Manager



Registered in England & Wales 07635166 Tel: +44 (0) 208 677 3775 Email: info@languagereach.com
Address: Unit F11B, Parkhall Business Centre, London, SE21 8EN

*(Stamp - PUBLIC ATTORNEY OF THE JUDICIAL DISTRICT OF SAL)*
*(Handwritten - Received on 08-09-2020, signature - illegible)*
APPENDIX 46

To: Your Honor

Public Prosecutor in the District of Sal

Espargos - Sal

**ALEX NAIN SAAB MORAN**, married, adult, now detained in the Regional Prison of Sal, Terra Boa, Sal, under Article 60 of the CPP, hereby submits a criminal complaint against:

**1 - NATALINO CORREIA**, Co-ordinator of Criminal Investigation, resident in Espargos, in Sal,

**2 - DOMINGOS DE PINA**, Chief Inspector, resident in Sal,

**3 - MAURÍCIO MONTEIRO**, Inspector, resident in Sal,

all resident in Espargos, Municipality and Island of Sal, professionally domiciled at the headquarters of the Judicial Police, Department of Criminal Investigation of Sal, National Directorate, in Espargos, Municipality and island of Sal,

under the following terms and grounds:

1. The complainant was detained on 12th June 2020, at 20:45pm (8:45 pm),
2. having been required to pay an entry visa (see Doc. 1), as if he had voluntarily entered Cape Verde.
3. The complainant, at the time of his arrest, was carrying a suitcase, containing documents and valuables, which was seized by the accused,
4. as officers of authority and in the exercise of judicial police functions.
5. Among the documents and valuables that were in the suitcase, there were envelopes containing letters intended for the high ranking political leaders and officials of the Islamic Republic of Iran (RII) and sent by the high ranking political leaders and officials of the Bolivarian Republic of Venezuela (RBV).
6. These letters prove the status of the complainant as Special Envoy of the RBV to the RII, with transit through Cape Verde.
7. The complainant's suitcase was only returned after the transfer of the complainant from the island of S. Vicente to the island of Sal and delivered to Dr. Floriano Mandl.
8. The suitcase containing the documents had been in the possession of the accused and the Judiciary Police since the day of the Claimant's arrest.
9. The accused did not inform the Public Prosecutor's Office or the Court of the Judicial District about the envelopes containing documents they found in the complainant's suitcase,
10. nor did they make any reference in the act of seizure and in the respective record of reference to envelopes containing documents.
11. The accused omitted the information that the complainant was the carrier of these letters.
12. The accused are all civil servants and serve in the Judicial Police of Sal, they acted in the exercise of their functions and in the context of a criminal process.



13. The accused acted to bring about the arrest and confirmation of the complainant's arrest and without the competent judicial authorities being aware of his status and capacity as Special Envoy.
14. In fact, this failure to comply with Special Envoy Alex Saab's allegations regarding his diplomatic inviolability and immunity and to return his assets immediately, with an adequate inventory of the retained assets, will have a significant impact on the course subsequent events.
15. The verification of his status as Special Envoy would have prevented the arbitrary arrest and detention of the complainant that occurred and still continues today,
16. as well as the consequent obstruction to justice, since essential elements were hidden from the Cape Verdean Judiciary to avoid confirming the complainant's arrest and deciding on his release, leaving the extradition process groundless or determining rejection of the U.S. extradition request.
17. The offence of the accused consisted of a decision not to add the letters from Venezuela to Iran to the detention records in the detention and extradition process and from which the complainant's special envoy status could be deduced or inferred.
18. The subjective element typically, in addition to the knowledge and willingness to carry out the criminal form, also integrates the awareness of the conduct to jeopardize and harm the complainant and causing his arrest.
19. For the aforementioned facts, the accused committed the type of crime under Articles 330.1.3 and 8 of the Penal Code and acted in co-authorship (Article 25 of the CP) and with intention (Articles 11 and 13 of the CP) in the commission of the crime.

The complainant wishes to proceed criminally against the accused and to become an assistant in the process, pursuant to Article 71.b) of the CPP - Code of Criminal Procedure.

Oral Testimony:

Floriano Mandl, married, lawyer, residing in Santa Maria, Sal.

The Lawyer, domiciled at the office of Dr. Aristides Socorro Dias Pereira or Celina Soares, Hotel Ponton, Office No. 5 and 6, Santa Maria, Municipality and Island of Sal,

José Manuel Pinto Monteiro

*(Signature)*

No. 15/01

NIF (Tax I.D.) No: 103135243





Exmo. Senhor

ANEXO 46

Procurador da República na Comarca do Sal

Espargos - Sal

**ALEX NAIN SAAB MORAN**, casado, maior, ora detido na Cadeia Regional do Sal, Terra Boa, Sal, vem, ao abrigo do artigo 60.º do CPP, apresentar denúncia crime contra:

1 – **NATALINO CORREIA**, Coordenador de Investigação Criminal, residente em Espargos, no Sal,

2 - **DOMINGOS DE PINA**, Inspetor Chefe, residente no Sal,

3 - **MAURÍCIO MONTEIRO**, Inspector, residente no Sal,

todos residentes em Espargos, Concelho e ilha do Sal, domiciliados profissionalmente na sede da Polícia Judiciária, Departamento de Investigação Criminal do Sal, Direcção Nacional, em Espargos, Concelho e ilha do Sal,

nos termos e com os fundamentos seguintes:

1. O queixoso foi detido no dia 12 de Junho de 2020, pelas 20 h 45,
2. tendo sido obrigado a pagar um visto de entrada (V. Doc. 1), como se tivesse entrado voluntariamente em Cabo Verde.
3. O queixoso, na altura da detenção, era portador de uma mala de mão, contendo documentos e valores e que foi apreendida pelos acusados,
4. enquanto agentes de autoridade e no exercício das funções de polícia judiciária.
5. Entre os documentos e valores que se encontravam na mala, haviam envelopes contendo cartas destinadas aos altos responsáveis políticos da República Islâmica do Irão (RII) e enviadas pelos altos responsáveis políticos da República Bolivariana da Venezuela (RBV).
6. As referidas cartas provam a qualidade do queixoso como Enviado Especial da RBV à RII, com trânsito por Cabo Verde.
7. A mala do queixoso só foi restituída após a transferência do queixoso da ilha de S. Vicente para a ilha do Sal e entregue ao Dr. Floriano Mandl.
8. A mala contendo os documentos esteve na posse dos acusados e da Polícia Judiciária desde o dia da detenção do Requerente.
9. Os acusados não informaram a Procuradoria da Republica nem o Tribunal da Comarca sobre os envelopes contendo documentos que encontraram na mala do queixoso,
10. nem fizeram qualquer referência no acto de apreensão e no respectivo auto da referência aos envelopes contendo documentos.
11. Os acusados omitiram a informação que o queixoso era portador dessa cartas.
12. Os acusados são todos funcionários públicos e colocados no Polícia Judiciária do Sal, agiram no exercício das suas funções e no âmbito de um processo crime.
13. Os acusados agiram para provocar a detenção e confirmação da detenção do queixoso e sem que as autoridades judiciárias competente tivessem conhecimento do seu estatuto e qualidade de Enviado Especial.
14. Efectivamente, esta omissão da sua obrigação de atender às alegações do Enviado Especial, Alex Saab, em relação à sua inviolabilidade e imunidade diplomáticas e de devolver imediatamente os seus bens, com um inventário adequado dos bens retidos, terá um impacto significativo no curso dos acontecimentos subsequentes.



15. A constatação da sua qualidade de Enviado Especial teria impedido a detenção arbitrária do queixoso que ocorreu e que ainda hoje se mantém,
16. bem como a consequente obstrução à justiça, uma vez que foram ocultados do Poder Judiciário cabo-verdiano, elementos essenciais para evitar a confirmação da detenção do queixoso e decidir sobre a sua libertação, deixando sem fundamento o processo de extradição ou determinar a rejeição do pedido de extradição dos USA.
17. A conduta típica dos acusados consistiu na decisão de não juntar aos autos de de detenção no processo de detenção e extradição as cartas da RBV à RII e a partir das quais se poderia deduzir ou inferir a qualidade de enviado especial do queixoso.
18. O elemento subjectivo do tipo, para além do conhecimento e vontade de realização do tipo penal, integra ainda a consciência de com a conduta prejudicar o queixoso e provocando a sua detenção.
19. Pelos factos referidos os acusados praticaram o tipo crime dos artigos 330.1.3 e 8.º do Código Penal e agiram em co-autoria (artigo 25.º do CP) e com intenção (artigos 11.º e 13.º do CP) na comissão do crime.

O queixoso deseja proceder criminalmente contra os acusados e constituir-se assistente no processo, nos termos do artigo 71.b) do CPP.

Prova Testemunhal:

Floriano Mandl, casado, advogado, residente em Santa Maria, Sal.

O Advogado, com domicílio no escritório do Dr. Aristides Socorro Dias Pereira ou Celina Soares, Hotel Ponton, Escritório n.º 5 e 6, Santa Maria, Concelho e ilha do Sal,

José Manuel Pinto Monteiro

*[assinatura]*

C.P. n.º 15/01

NIF 103135243

