**SEALED**

**FILED BY NJC D.C.**

**Mar 12, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEX NAIN SAAB MORAN, and<br>ALVARO PULIDO VARGAS, a/k/a<br>"German Enrique Rubio Salas,"<br><br>Defendants. | Case No. 19-20450-CR-Scola<br><br>**FILED UNDER SEAL** |

**SEALED REPLY
TO GOVERNMENT'S SEALED NOTICE OF ADDITIONAL FACTS [ECF No. 26]**

**I.   Relevant Procedural History**

On January 21, 2021, Mr. Saab, through his retained counsel, filed a Motion to Vacate Order Conferring Fugitive Status and for Leave for Special Appearance to Challenge Indictment. ECF No. 10 (the "Motion"). As observed in the Motion, this is an exceptional case—Mr. Saab was detained in Cape Verde at the insistence of the United States, notwithstanding that he was in transit on a diplomatic and humanitarian mission as a special envoy of Venezuela. This alone entitles him to diplomatic immunity under the Vienna Convention on Diplomatic Relations and the Diplomatic Relations Act, 22 U.S.C. § 254a(3), deprives the Court of subject-matter jurisdiction, and requires dismissal of the indictment. *See* 22 U.S.C. § 254d. Because Mr. Saab has fundamental challenges to the indictment, the Motion seeks leave for a Special Appearance to allow submission of a motion to dismiss.

In light of the highly unique circumstances presented in this case, including that Venezuela has ordered Mr. Saab, as its diplomat, to resist extradition, the Motion preemptively addressed the fugitive-disentitlement doctrine. In particular, the Motion detailed why the doctrine does not reach this case and why, even if the doctrine does apply, special circumstances

dictate that Mr. Saab must be permitted to raise legal arguments forthwith that bear on the foundational issue of the government's power to proceed. Put simply, the very act of forcing Mr. Saab to submit in order to assert his immunity would deprive him of that immunity.

On February 22, 2021, the government filed a public opposition to the Motion, ECF No. 24, arguing that this case somehow falls within the fugitive-disentitlement doctrine cases. In doing so, the government contends that Mr. Saab constructively fled. Here, it focuses on his knowledge of the indictment plus the fact that he has not come to the United States since it was returned. In addition to the public opposition, the government filed under seal and *ex parte* a Notice of Additional Facts purportedly supporting its opposition. ECF No. 26 (the "Notice"). While the public docket reflected the existence of a sealed filing, counsel did not learn of the existence of the Notice until the morning of Monday, March 8, 2021, and did not learn of the content of the Notice until the evening of Wednesday, March 10, 2021.

## II. The Notice is Irrelevant to the Threshold Fugitive-Disentitlement Issue Presented by the Motion and the Corollary Issue of Diplomatic Immunity

As an initial matter, the Notice is uncorroborated and unsupported. Accordingly, it should be disregarded. The "facts" contained in the Notice consist of a handful of paragraphs, presented entirely in summary, hearsay fashion by the prosecution. Notably, the Notice does not include any supporting documentation for its so-called factual representations, such as an FBI Form 302 or DEA Form 6. Nor does it include any other records memorializing the purported content or documents it specifically references. The Notice is also vague as to the participants in various purported events and is unaccompanied by any supporting declaration or verification by an agent or individual with personal knowledge of the events that are summarily described. In the absence of any corroboration, Mr. Saab is deprived of the opportunity to test the evidence or challenge the assertions. Accordingly, the Court should afford the Notice no weight.

More importantly, the purported facts contained in the Notice are also legally irrelevant to consideration of the Motion or are duplicative of the publicly filed opposition. Ostensibly, the intent behind the Notice is to bolster the government's argument that Mr. Saab knew of the indictment, and indeed knew that an indictment would be sought before it was returned, but has not presented himself to the Court. This is already addressed in the opposition (at 9-10 and Exs. 1-2). Yet, it is simply not legally relevant to Mr. Saab's Motion and diplomatic status. Even if Mr. Saab knew of the indictment, or of potential charges in advance, "he has not 'refused' to surrender . . . as he has not made a free choice."[1] Reply in Further Support, ECF No. 29 at 5-6. Moreover, he did not flee the Court's jurisdiction because he was never in the United States during the time period at issue. Further, there are compelling reasons identified in the Motion why fugitive-disentitlement either should not apply or the Court should exercise its discretion to allow a special appearance.

It is unorthodox (to say the least) for the government to submit an *ex parte* proffer of evidence of this nature. This is particularly true where the pending Motion is based upon a legal immunity from the very act of prosecution itself. On balance, it appears that the purpose for the Notice was to color preemptively the Court's view of Mr. Saab, and baselessly cast doubt on the nature of defense counsel's attorney-client relationship.

First, the government sought sealed *ex parte* treatment, thereby withholding this information from counsel and denying them an opportunity to respond. Only reluctantly did the government share the filing with counsel after being directed by this Court to do so to in the March 8, 2021 conference. Second, the government's proffered alleged concerns—that

---

[1] Mr. Saab obviously knows of the indictment by now, having been detained in Cape Verde for almost a year since his initial seizure.

disclosure of the facts, even to "purported counsel" could result in harm—is utterly undermined by the fact that many of these same facts have already been disclosed to parties abroad in a way that is far from confidential. Indeed, in support of the U.S. request for extradition from Cape Verde, the U.S. Embassy in Praia provided a 31-page diplomatic note with supporting documentation that, among other things, included references to many of the events described in the Notice. Thus, Mr. Saab's foreign counsel and an unknown number of third parties are already aware of some of these facts. Finally, the Notice goes out of its way to disparage "purported" counsel by, among other things, again suggesting the representation is not legitimate, and suggesting that counsel is not "conflict-free." Such unfounded and irrelevant attacks on opposing counsel are inappropriate.

### III.   Conclusion and Request for Sealed Treatment

Simply put, the Notice adds nothing to consideration of the pending Motion and the request to file a motion to dismiss. It has no bearing on Mr. Saab's diplomatic immunity which, in turn, supports the need for immediate consideration of dismissal. It should be disregarded as irrelevant and improper.

Although not relevant to the pending Motion, undersigned counsel agrees that the information (whether true or not) contained in the Notice is of a sensitive nature. Accordingly, counsel agrees that it should remain under seal and has filed herewith a motion to seal this reply. Further, given the sensitive nature and the irrelevance, counsel respectfully submits that this information need not be addressed at the open hearing scheduled for Monday, March 15, 2021.

Dated: March 12, 2021                                  Respectfully submitted,

Lindy K. Keown                                         /s/ David B. Rivkin, Jr.
Baker & Hostetler LLP                                  David B. Rivkin, Jr.*
200 South Orange Avenue                                Lee A. Casey*
Suite 2300                                             Elizabeth Price Foley

4

Orlando, FL 32801
lkeown@bakerlaw.com
(T) (407) 649-4000
(F) (407) 841-0168

Jonathan B. New*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
jnew@bakerlaw.com
(T) (212) 589-4200
(F) (212) 589-4201

Jonathan R. Barr*
Kendall E. Wangsgard*
Richard B. Raile*
Baker & Hostetler LLP
1050 Connecticut Ave, NW
Suite 1100
Washington, DC 20036
drivkin@bakerlaw.com
(T) (202) 861-1500
(F) (202) 861-1783

*Attorneys for Defendant Alex Nain Saab Moran*

*Admitted pro hac vice