IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ALEX NAIN SAAB MORAN, and
ALVARO PULIDO VARGAS, a/k/a
"German Enrique Rubio Salas,"

Defendants.

Case No. 19-20450-CR-Scola

## RESPONSE OBJECTING TO REQUEST FOR STATUS CONFERENCE

At approximately 2:50 p.m. on the Friday prior to a scheduled motion hearing, the government filed a request for a Status Conference, ostensibly to seek clarity regarding whether the Court will require additional evidence to be presented at the hearing set for March 15, 2021 at 9:00 a.m. This request follows the conference on Monday, March 8, 2021, wherein the Court discussed with the parties all necessary logistics for the next hearing, including whether the parties would present evidence, and thereafter scheduled the upcoming hearing to hear arguments on Defendant's Motion to Vacate Order Conferring Fugitive Status and for Leave for Special Appearance to Challenge Indictment. ECF No. 10 (the "Motion to Vacate").

Defendant strongly objects to the government's unnecessary request for a Status Conference to address matters the Court has already settled and respectfully submits that it is designed solely for delay. Defendant believes that it was clear that the upcoming hearing will be in open court, addressing solely the Motion to Vacate without evidence presented by either side. If the government felt that the legal argument on the Motion to Vacate implicated its sealed notice [ECF No. 26] in any way, it had this entire week to raise that issue. It has not. The sealed motion and reply that Defendant filed earlier today does not change the situation in any way.

That filing merely discussed the legal irrelevance of the facts contained in the government's sealed notice [ECF No. 26] and other problems with the notice.

The parties need not reference the content of the government's sealed notice [ECF No. 26] at Monday's hearing, as those facts are wholly irrelevant to the Motion to Vacate. If something under seal needs to be discussed, the Court can close the hearing for that portion of the argument. A Status Conference at this late hour adds nothing except unnecessary delay.

Dated: March 12, 2021                    Respectfully submitted,

David B. Rivkin, Jr.*                    /s/ Lindy K. Keown
Lee A. Casey*                            Lindy K. Keown
Elizabeth Price Foley                    Baker & Hostetler LLP
Jonathan R. Barr*                        200 South Orange Avenue
Kendall E. Wangsgard*                    Suite 2300
Richard B. Raile*                        Orlando, FL 32801
Baker & Hostetler LLP                    lkeown@bakerlaw.com
1050 Connecticut Ave, NW                 (T) (407) 649-4000
Suite 1100                               (F) (407) 841-0168
Washington, DC 20036
drivkin@bakerlaw.com                     Jonathan B. New*
(T) (202) 861-1500                       Baker & Hostetler LLP
(F) (202) 861-1783                       45 Rockefeller Plaza
                                         New York, NY 10111
                                         jnew@bakerlaw.com
                                         (T) (212) 589-4200
                                         (F) (212) 589-4201


*Attorneys for Defendant Alex Nain Saab Moran*

*Admitted pro hac vice*