# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 12-20663-CR-ZLOCH/HUNT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE DE MORALES SANTE,

    Defendant,

_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter is before this Court on Defendant Jorge de Morales Sante's Motion to Dismiss Indictment, filed on September 30, 2016. ECF No. 217. The Honorable William J. Zloch previously referred this motion to the undersigned United States Magistrate Judge for a report and recommendation. ECF No. 218; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. After carefully reviewing all pleadings and oral argument, the undersigned filed a REPORT AND RECOMMENDATION recommending that Sante's motion be denied on the merits, ECF No. 229. Defendant filed objections, ECF No. 230, and the Government responded, ECF No. 233. Judge Zloch has now re-referred the Motion to the undersigned for reconsideration in light of intervening relevant Eleventh Circuit case law, ECF No. 240. After again carefully considering all relevant

pleadings and applicable law, the undersigned RECOMMENDS that the Motion be DISMISSED WITHOUT PREJUDICE for the additional reasons discussed below.

In the original Report and Recommendation, the undersigned analyzed the applicability of the fugitive disentitlement doctrine to this case. The undersigned concluded that the doctrine could be applied to these facts, but that it made more sense for this Court to reach the merits of the Motion. In reaching this conclusion, the undersigned relied on *United States v. Hijazi*, 589 F.3d 401 (7th Cir. 2009). The undersigned then recommended dismissal on the merits. There is no need to revisit the full analysis here.

In its response to Defendant's objections, the Government raised two "recent developments" in support of its argument that this Court should apply the fugitive disentitlement doctrine and decline to reach the merits of Defendant's Motion. The first is the fact that Defendant has now been arrested and is awaiting extradition from Spain. The second is the Eleventh Circuit's decision in *United States v. Shalhoub*, 855 F.3d 1255 (11th Cir. 2017), which was decided after this case was briefed and argued before the undersigned.

In *Shalhoub*, the Eleventh Circuit declined to issue a writ of mandamus ordering a district judge to rule on a motion to dismiss indictment without first requiring the defendant to appear in the jurisdiction. In doing so, the Eleventh Circuit found no "clear abuse of discretion" on the part of the district court in applying the fugitive disentitlement doctrine. 855 F.3d at 1263 (citing *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)). The Eleventh Circuit distinguished *Hijazi*, observing that "[u]nlike the petitioner in *Hijazi*, Shalhoub cites no refusal by the Saudi Government to extradite

him."  855 F.3d at 1264.  Ultimately, the *Shalhoub* court reasoned, mandamus was inappropriate because the petitioner had an adequate remedy available:  appearance in the district court.  *Id.* at 1265.

The distinction raised by the Eleventh Circuit dovetails with the Government's second "recent development."  The Government has advised this Court that subsequent to the entry of the original R & R, Defendant was arrested by Spanish authorities and released on bond pending his extradition to face these charges.  ECF No. 233 at 5.  This development is significant, as it removes one of the essential underpinnings of the undersigned's reasoning in the original R & R.  While noting that the fugitive disentitlement doctrine is discretionary, a fact tacitly acknowledged by the *Shalhoub* court, the undersigned recommended against its application in this case largely for practical reasons:  "Certainly the fugitive disentitlement doctrine could at least arguably be applied here.  But the result would likely be a multi-year impasse like the one ultimately remedied by mandamus in *Hijazi*."  ECF No. 229 at 8.

Defendant's arrest in Spain changes that analysis.  Extradition proceedings are underway, and Defendant now has a forum in which to raise any legal barriers to his extradition to the United States.  For example, the extradition treaty in force between the United States and Spain includes a requirement that the requesting state establish a prima facie case that the defendant committed the offense; that the warrant is not "manifestly ill-founded"; and that the offense for which extradition is requested is not political in nature.  Extradition Treaty, U.S.-Spain, May 29, 1970, 22 U.S.T. 737.  There is no longer a risk, as in *Hijazi*, of a multi-year impasse with no end in sight.  This case

3

is now much more like *Shalhoub*, and application of the fugitive disentitlement doctrine is now more appropriate.

In sum, while the fugitive disentitlement doctrine is discretionary, and it is therefore up to this Court to decide whether to apply it, the facts of this case have changed since the original R & R was issued. One of the most important factors relied upon by the undersigned is no longer in place. Defendant is now in extradition proceedings and it appears likely he will soon be brought to this District to face the pending charges. Once he is here, he is free to challenge the Indictment by filing a motion to dismiss. But until he is brought before this Court and is subject to its jurisdiction, this Court should exercise its discretion and decline to reach the merits of his Motion.

Accordingly, the undersigned RECOMMENDS that Defendant's Motion to Dismiss Indictment, ECF No. 217, be DENIED WITHOUT PREJUDICE to refile once he is properly within the jurisdiction of this Court, based upon the fugitive disentitlement doctrine. (Should the District Court decide to exercise its discretion and consider the Motion on its merits, the undersigned's analysis and recommendation remain unchanged from the original Report and Recommendation, that is, the Motion should be denied on the merits.)

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based

4

on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 12th day of February, 2018.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable William J. Zloch

All Counsel of Record