UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: <u>19-cr-20450-SCOLA</u>

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.

ALEX NAIN SAAB MORAN,

        **Defendant.**

_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO ENFORCE
RULE 53 AND TO LIMIT ZOOM ACCESS**

The United States of America, through the undersigned counsel, hereby files this Response to Defendant Alex Nain SAAB MORAN's ("SAAB MORAN") Motion To Enforce Rule 53 and to Limit Zoom Access (hereinafter "the Motion").

Following a nearly sixteen-month extradition process that garnered international news coverage, defendant SAAB MORAN made his initial appearance via Zoom before Magistrate Judge John O'Sullivan on October 18, 2021. During the hearing, defendant SAAB MORAN's arraignment was set for November 1, 2021. [DE 58]. Attendance at the Zoom hearing included over three hundred participants. Following the hearing, a limited number of media outlets and others published photographs and videos of SAAB MORAN from the hearing. On October 26, 2021, Defendant SAAB MORAN filed this Motion requesting the Court limit video access to future hearings to necessary parties, the Defendant's family, and "reputable news organizations." Mot. at 8. The Motion requested that access for the public be limited to calling into a "dial-in" number. *Id*. The premise of the Motion was that Federal Rule of Criminal Procedure 53 prohibits the photographing or broadcasting of judicial proceedings and that the rule had been violated. On

October 27, 2021, the Court ordered the government to respond to the Motion and stated in "the meantime, the Court is confident that the Magistrate Judge(s) handling matters scheduled in the near future will take appropriate action to address the Defendant's concerns." On November 1, 2021, Defendant SAAB MORAN was again scheduled to appear in court before Magistrate Judge Edwin G. Torres. Attendance at this Zoom hearing dropped from the prior hearing to approximately 80 participants. Defendant SAAB MORAN waived his appearance at this hearing and the Government has not become aware of the publication of any photographs or videos from the November 1, 2021, Zoom hearing.

Pursuant to 28 CFR § 50.9, because "of the vital public interest in open judicial proceedings, the Government has a general overriding affirmative duty to oppose their closure." The Government should oppose closure unless "closure is plainly essential to the interests of justice." *Id*. Under this provision, the Government shall not consent to closure unless, among other things, "[f]ailure to close the proceedings will produce; (i) a substantial likelihood of denial of the right of any person to a fair trial; or (ii) a substantial likelihood of imminent danger to the safety of parties, witnesses, or other persons; or (iii) a substantial likelihood that ongoing investigations will be seriously jeopardized." 28 CFR § 50.9 (c)(6). The Government is not aware of any such concerns in this case. Defendant SAAB MORAN's Motion refers to a general right to be "treated fairly and in a dignified manner" but does not allege the denial of a right to a fair trial or any danger to any party. Mot. at 8. The Government, therefore, objects to any closure of proceedings related to defendant SAAB MORAN.

Notwithstanding the opposition to any closure, the Government does agree with defendant SAAB MORAN that the Court should ensure compliance with Federal Rule of Criminal Procedure 53. The Court can continue to admonish the Zoom participants not to make any recordings of the

Zoom proceedings as required by Rule 53. At the time of this filing, the Government is not aware of any recording being made of the November 1, 2021, hearing. While defendant SAAB MORAN was not present at the hearing, his waiver of appearance was not on the docket prior to the hearing and the number of participants on the Zoom hearing was less than a third of that at the initial hearing. As such, it is not clear additional safeguards are necessary. The continuation of admonishments prior to Zoom hearings involving SAAB MORAN could alleviate his concerns that attendees would continue to violate Rule 53.

Defendant SAAB MORAN requests Rule 53 compliance be accomplished by limiting Zoom access to future proceedings to necessary parties, SAAB MORAN's family, and accredited press.[1] In support of this request, defendant SAAB MORAN's Motion notes that courts in the Southern District of New York have required both members of the press and the public to attend hearings *only* via telephonic conference. The Government is not aware of all the circumstances surrounding these orders but notes that in one of the cases cited by defendant SAAB MORAN, the Southern District of New York did, in fact, allow for members of both the press and the public to view the proceedings via live video. *See* Order Setting Arraignment, initial Conference, and Bail Hearing, *United States v. Maxwell*, No. 1:20-CR-0030 (S.D.N.Y. July 9, 2020), ECF No. 16 (allowing members of the press and public to access live video audio feed and also providing that "members of the press and public may watch and listen to the live video feed in the Jury Assembly Room, at the Daniel Patrick Moynihan Courthouse."). Another case cited by defendant SAAB MORAN related to a hearing that was, in and of itself, a telephonic hearing – participation via Zoom was moot. *See* Order Setting Telephone Conference, *United States v. Avenatti*, No. 1:19-

---

1 The Government takes no position on which members of the press would qualify as "reputable news organizations with a proven record of abiding by Rule 53's requirements" or how the court would assess that designation, per the Motion's request. Mot. at 8.

3

CR-00373 (S.D.N.Y. Jan. 14, 2020), ECF No. 143 ("With respect to the telephone conference scheduled for January 14, 2020 at 5:00 p.m., the parties will dial (888) 363-4749 and use access code 6212642. The press and public may obtain access to the telephone conference by dialing the same number and using the same access code.")

To the extent the Court has concerns regarding Rule 53 compliance at future hearings involving defendant SAAB MORAN, the Government proposes in-person hearings with allowances for public attendance or attendance via a live video feed in an overflow room, so long as they are compliant with the CARES Act and Administrative Order 2021-74. Additional telephone access could also be provided. To the extent future hearings are conducted telephonically, the Government agrees that allowing the public and press to attend telephonically does not pose any issue.

Regarding defendant SAAB MORAN's request that the Court refer those listed in Exhibit A of the Motion to the United States Attorney for investigation, the Government defers to the Court and will, of course, appropriately inquire into any such referral.

Respectfully submitted,

| | |
|---|---|
| JOSEPH S. BEEMSTERBOER<br>ACTING CHIEF, FRAUD SECTION | JUAN ANTONIO GONZLEZ<br>UNITED STATES ATTORNEY |
| /s/ Alexander J. Kramer_____<br>Alexander J. Kramer<br>Trial Attorney<br>Criminal Division, Fraud Section<br>U.S. Department of Justice<br>Court ID No. A5502240<br>1400 New York Ave. NW<br>Washington, DC 20005<br>TEL (202) 768-1919<br>alexander.kramer@usdoj.gov | /s/ Kurt K. Lunkenheimer_____<br>Kurt K. Lunkenheimer<br>Assistant U.S. Attorney<br>Court ID No. A5501535<br>99 N.E. 4th Street<br>Miami, Florida 33132-2111<br>TEL (305) 961-9008<br>Kurt.Lunkenheimer@usdoj.gov |