UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20450-SCOLA/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEX NAIN SAAB MORAN,

    Defendant.

_____/

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO MOTION TO ENFORCE RULE 53 AND TO LIMIT ZOOM ACCESS**

The Defendant, ALEX NAIN SAAB MORAN, replies to the Government's response to his motion to enforce Rule 53 and limit Zoom access.

While admitting that the Court should ensure compliance with Rule 53, the Government states that it objects to the closure of any proceedings related to Mr. Saab. It also argues that it is unaware of any recordings or photos of the defendant taken from the November 1, 2021 hearing before Magistrate Judge Torres. The Government's bottom-line recommendations are that the Court continue to admonish Zoom participants against photographing or recording court proceedings and that the Court hold in-person hearings at the courthouse.

Firstly, Mr. Moran did not move the Court to "close" court proceedings in this matter.[1] Rather, Mr. Saab asked the Court to limit access via Zoom to accredited

---

[1] AP Reporter Joshua Goodman also wrote the Court, objecting to "that portion of the Defendant's request that would see the Court go an audio-only format." ECF 66. Mr. Saab's motion, however,

press, the participants, and the defendant's family while permitting the rest of the public telephone access. Those steps would not "close" the courtroom.

Further, merely admonishing those in attendance via Zoom to not photograph or record the defendant's initial appearance failed to work for Judge O'Sullivan. Hence, warning against recording or photographing Zoom proceedings, although appropriate, is inadequate. And the reason there were no published photos or images of the defendant from the November 1, 2021 hearing is because Mr. Saab waived his appearance and, therefore, he was not on the video feed during the hearing. Had Mr. Saab instead appeared via video there would have assuredly been many more persons trying to observe the hearing via Zoom and many of them, as before, would likely have disregarded the Court's warning to abide by Rule 53 because most of the offenders appear to be outside the reach of the Court's jurisdiction, or appeared on Zoom without disclosing their true identities, or both.

The Government is, nevertheless, correct that holding future hearings and proceedings in person at the courthouse would eliminate future Rule 53 violations, as the public and press would be unable to enter the courthouse with their cellphones and cameras.[2] We have no objection to appearing in person before the Court so long as it does not result in Mr. Saab being placed back in quarantine at FDC every time he must attend Court. It is our understanding that, fortunately, such would not be the case. If, however, because of the pandemic, the Court is disinclined to hold future

---

specifically concedes that accredited press (like the AP) should be provided Zoom access to any court proceedings in this matter which are conducted via video.

[2] The undersigned is informed that Magistrate Court proceedings during duty weeks have now returned to in-person hearings at the courthouse.

2

hearings in person at the courthouse, then hearings conducted via video should be handled in a manner that ensures compliance with Rule 53. Mr. Saab's request for the Court to police Zoom access is no different than courthouse security officers screening everyone seeking to enter the courthouse, asking for their identification documents from them, and prohibiting members of the public and press to enter the courthouse with their cellphones and cameras. Public access to the courthouse (and Court proceedings) does not, and has never, involved anonymous or unidentified members of the press or public entering the courthouse while free to do whatever they want inside a courtroom when court is in session. The Court employs security officers to enforce the rules at the courthouse, including Rule 53's prohibition against taking photographs and recordings of criminal court proceedings.

In conclusion, if in the instant case the Court decides that is shall hold hearings via video rather than in person, Mr. Saab respectfully requests that the Court limit Zoom access to those members of the public and press it can hold accountable if they violate Rule 53. Mr. Saab agrees that any hearings that the Court conducts solely by telephone do not present any issues where the Court assures that the press and public may listen telephonically. Finally, as agreed to above, conducting in-person hearings solves the problem.

*Intentionally left blank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2021 a true and correct copy of the foregoing has been furnished electronically via CM/ECF to all counsel of record.

>Respectfully Submitted,
>
>BELL ROSQUETE REYES ESTEBAN, PLLC
>999 Ponce De León Blvd., Suite 1120 PH
>Coral Gables, Florida 33134
>Telephone: (305) 570-1610
>Facsimile: (305) 570-1599
>hbell@brresq.com
>arosquete@brresq.com
>jreyes@brresq.com
>
>By: */s/ Henry P. Bell*
>Henry P. Bell, Esq.
>Florida Bar No. 090689
>Armando Rosquete, Esq.
>Florida Bar No. 648434
>Javier A. Reyes, Esq.
>Florida Bar No. 688447
>*Counsel for Defendant*