UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-cr-20450-SCOLA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX NAIN SAAB MORAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**GOVERNMENT'S FIRST RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this first response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A. 1. Enclosed, please find a DVD which contains written or recorded statements of the defendant.

2. The government is not aware that the defendant made an oral statement before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3. No defendant testified before the Grand Jury.

4. The defendant's prior criminal record, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, will be provided to defense counsel on a rolling basis as agreed to by the government and defense counsel. The documents may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 400. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past bad acts which include prior payments to Bolivarian Republic of Venezuela officials in order to obtain improper business advantages and access Venezuela's government-controlled foreign currency exchange system. Those prior bad acts also include post-indictment bribing of Venezuelan officials to obtain and retain contracts and other business advantages, including obtaining multi-million dollar food and medicine contracts with entities and instrumentalities owned and

|   |   |
|---|---|
|   | controlled by the Venezuelan government for the importation and delivery of food and medicine to the people of Venezuela, and to launder bribes, proceeds, and other funds related to the corrupt scheme into and through accounts in the United States in order to promote the illegal bribery scheme and to conceal the nature and purpose of the proceeds of the illegal bribery scheme, including, but not limited to acts described in Southern District of Florida criminal case, 21-CR-20509-MARTINEZ. |
| I. | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518. |
| J. | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K. | No contraband is involved in this indictment. |
| L. | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M. | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N. | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to the Standing Discovery Order, Local Rule 88.10(b), and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was: **SEE INDICTMENT and Discovery production.**

The attachments to this response are outlined in the attached index. I have hand delivered a copy of the first round of discovery in the attached index to counsel for the defendant on November 29, 2021, which consists of a DVD with Bates Stamped Files/Documents AM000001-000474, plus additional files/documents which will be bates stamped and re-produced at a later date. Please contact the undersigned Assistant United States Attorney if there are any issues with the DVD provided as part of this response to the standing discovery order.

    Respectfully submitted,

    JUAN ANTONIO GONZALEZ
    UNITED STATES ATTORNEY

By: */s/ Kurt K. Lunkenheimer*
    KURT K. LUNKENHEIMER
    Assistant United States Attorney
    Court ID No. A5501535
    U.S. Attorney's Office - SDFL
    99 N.E. 4th Street, Suite 400
    Miami, FL 33132-2111
    Telephone: (305) 961-9008
    Facsimile: (305) 536-4699
    Email: Kurt.Lunkenheimer@usdoj.gov