```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                      CASE NO. 19-CR-20450-RNS

UNITED STATES OF AMERICA,
                                          Miami, Florida
              Plaintiff(s),
                                          October 18, 2021
      vs.

ALEX NAIN SAAB MORAN,

              Defendant(s).       Pages 1 - 10
----------------------------------------------------------

                        STATUS CONFERENCE
            TRANSCRIBED FROM DIGITAL AUDIO RECORDING
            BEFORE THE HONORABLE JOHN J. O'SULLIVAN
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PLAINTIFF(S):   KURT LUNKENHEIMER, ESQ.
                        ALEXANDER J. KRAMER, ESQ.
                        UNITED STATES ATTORNEY'S OFFICE
                        99 NE 4th Street
                        Miami, FL 33132
                        (305) 961-9008
                        kurt.lunkenheimer@usdoj.gov
                        alexander.kramer@usdoj.gov


FOR THE DEFENDANT(S):   HENRY P. BELL, ESQ.
                        BELL ROSQUETE REYES, PLLC
                        999 Ponce De Leon Boulevard
                        Coral Gables, FL 33134
                        (305) 570-1610
                        hbell@brresq.com



TRANSCRIBED BY:         Joanne Mancari, RPR, CRR, CSR
                        Court Reporter
                        jemancari@gmail.com
```

1  Thereupon,
2  the following proceedings were held via Zoom videoconference:
3        THE COURT:  Who is here on behalf of Alex Nain Saab
4  Moran?
5        MR. BELL:  Good afternoon, your Honor.  Henry Bell,
6  Bell Rosquete Reyes, LLC, entering a temporary appearance on
7  behalf of Mr. Saab Moran, who is of course participating, if
8  you will, virtually from FDC.
9        Judge, we are entering a temporary appearance.  I
10 anticipate, along with the Baker Hostetler firm and Pillsbury
11 Winthrop, to be entering permanent appearances, and they will,
12 of course, file appropriate *pro hac* applications.
13       THE COURT:  OK.
14       Does your client agree to appear by video today?
15       MR. BELL:  Yes, he does, your Honor, but you can ask
16 him.
17       THE COURT:  OK.  By the way, I saw your partner
18 Mr. Rosquete the other night hanging out in a degenerate bar.
19       MR. BELL:  Oh, really.  We may have to have a little
20 talking with him about that.  But I'm sure it couldn't have
21 been that degenerate if you saw him there.
22       THE COURT:  You mean if I was there.
23       MR. BELL:  Yes.  Exactly.  If you were there.
24       THE COURT:  Yes, right.
25       Who is here for the government on this case?

1              MR. LUNKENHEIMER:  Good afternoon, your Honor.
2  Assistant United States attorney Kurt Lunkenheimer and DOJ
3  trial attorney Alex Kramer on behalf of the United States.
4              Your Honor, we would also ask that the defendant for
5  various reasons be colloquied on the temporary appearance by
6  these attorneys here today.  We told them we would be asking
7  for such a colloquy to ensure that he has not been forced or
8  threatened to have them represent him in his initial appearance
9  here.
10             THE COURT:  What is the name of your cocounsel?  Can
11 your cocounsel announce their appearance?
12             MR. KRAMER:  Yes, your Honor.  Good afternoon.  This
13 is Alex Kramer on behalf of the United States with the DOJ.
14             THE COURT:  OK.  All right.
15             MR. BELL:  Judge --
16             THE COURT:  Yes.  Go ahead, Mr. Bell.
17             MR. BELL:  We object to the necessity of any colloquy.
18             THE COURT:  Well, I always ask the defendant if he is
19 in agreement that you can represent him.  If he tells me no --
20             MR. BELL:  Understood.
21             THE COURT:  -- then you won't be representing him, I
22 assume.
23             OK.  I cannot see the FDC.  Is that on, Sergio?
24             SERGIO:  Yes, it is, Judge.  You might have to scroll
25 over like 13 pages to find him, but he is there.  He should be

1    there.

2         THE COURT:  OK.  Sir, Mr. Alex Nain Saab Moran, tell
3    me your name, please.  There you are.

4         THE DEFENDANT:  Alex Nain Saab Moran.

5         THE COURT:  Sir, you are here for your initial
6    appearance.  I am going to explain some rights to you.  I am
7    then going to see what the government's position is on bond.

8         If you cannot afford an attorney and you want the
9    court to appoint one for you free of charge, you will be placed
10   under oath and asked questions about your financial condition
11   to determine if you qualify for appointment of counsel.  You
12   have the right to have your attorney present at all court
13   proceedings.

14        You are not required to make any statements, and any
15   statement you choose to make may be used against you.  If you
16   start to make a statement and then change your mind, you may
17   stop at any time and say nothing further.

18        You are entitled to a bond hearing or detention
19   hearing if the government is requesting that you be held
20   without bond.  At that time the court will determine if you
21   will be detained or released on bond.  If you are released on
22   bond, you are subject to arrest and revocation from release and
23   to various civil and criminal sanctions if you violate any of
24   the conditions of the bond.

25        My understanding is that you have been indicted, and I

1  believe you are not a United States citizen.  Since you are not
2  a United States citizen, you may request that an attorney for
3  the government or federal law enforcement official notify a
4  consular officer from your country of nationality and advise
5  that office that you have been arrested.  Even without your
6  request a treaty or other international agreement may require
7  country notification.
8  　　　　　Mr. Henry Bell has indicated he is going to represent
9  you at least for bond purposes in this case.  Are you in
10 agreement with that, sir?
11 　　　　　THE DEFENDANT:  It's Mr. Henry Bell.
12 　　　　　THE COURT:  Yes.
13 　　　　　THE DEFENDANT:  Mr. Henry Bell is representing me.
14 　　　　　THE COURT:  OK.  So you are in agreement with him
15 representing you here today?
16 　　　　　THE DEFENDANT:  I am in agreement for Mr. Henry Bell
17 to represent me.
18 　　　　　THE COURT:  OK.  Good.  All right.
19 　　　　　I am also going to read, as required by Rule 5(f) of
20 the Rules of Criminal Procedure, the following warning.  This
21 is for all other cases that are before me today.
22 　　　　　The United States is ordered to disclose to the
23 defendant all exculpatory evidence, that is, evidence that
24 favors the defendant or casts doubt on the United States' case,
25 as required by Brady v. Maryland and its progeny.

```
 1              The government has a duty to disclose any evidence
 2    that goes to negating the defendant's guilt, the credibility of
 3    a witness, or that would reduce a potential sentence.  The
 4    defendant is entitled to this information without a request.
 5    Not doing so in a timely manner may result in consequences,
 6    including, but not limited to, exclusion of evidence, adverse
 7    jury instructions, dismissal of charges, contempt proceedings,
 8    disciplinary action or sanctions by the court.
 9              All right.  Sir, do you agree to proceed by video
10    today?
11              THE DEFENDANT:  Yes.
12              THE COURT:  OK.  Sir, you are here for your initial
13    appearance on an indictment that charges you with one count of
14    conspiracy to commit money laundering and seven counts of
15    laundering of monetary instruments.
16              Mr. Bell is here to represent you, at least for bond
17    purposes.
18              What is the government's recommendation on bond?
19              MR. LUNKENHEIMER:  Your Honor, we will be seeking
20    pretrial detention based on risk of flight.  The defendant was
21    extradited here to the United States over the weekend after
22    battling extradition for over 400 days in the Republic of Cape
23    Verde.
24              THE COURT:  OK.  When would you like to have the
25    hearing?
```

1            MR. BELL:  Judge, may I address that?

2            MR. LUNKENHEIMER:  Judge, we had requested Thursday.

3            MR. BELL:  Sorry, your Honor.

4            THE COURT:  Sure.  Is Thursday good for you, Mr. Bell?

5            MR. BELL:  Judge, because we don't believe we can be
6    ready to handle a PTD hearing this week -- this is sort of a
7    complicated matter.  I understand there is an appeal pending on
8    the defendant's assertion of diplomatic immunity.  We are going
9    to stipulate to detention with the right to revisit and we will
10   ask the court for a detention hearing at such time as we are
11   ready.

12           THE COURT:  OK.

13           MR. BELL:  That way we eliminate the requirement that
14   we hold a hearing this week and we have an opportunity to fully
15   brief our client, meet with him, sort of go over some of these
16   complex issues, and put our best foot forward at any detention
17   hearing, if that is what we do.

18           THE COURT:  OK.  All right.  Then I will enter a
19   stipulated order of detention with leave for the defendant to
20   address it in the future if they deem it necessary.

21           By the way, I meant to mention this before I started
22   because I know there were some inquiries from journalists who
23   are on the video or some who may be here today.

24           It is illegal for there to be any recording, of course
25   in the courtroom, either video or audio recording or any

1  recording of the Zoom hearing that is going on.  So you are
2  prohibited from recording this in any fashion and also from
3  publishing it if it was recorded.  If you were to record this
4  either video or audio or publish it, you could be subject to
5  various criminal, civil sanctions, including be prosecuted for
6  contempt and perhaps other crimes.
7      All right.  So anything else for this gentleman today
8  Mr. Saab Moran?  When would you like a report re counsel,
9  Mr. Bell?
10     MR. BELL:  Judge, that is the one issue that is
11 pending, if you will.  We would respectfully ask for two weeks.
12     THE COURT:  All right.  Is that OK with the
13 government?
14     MR. LUNKENHEIMER:  Yes, your Honor.
15     THE COURT:  All right.  Today is the 18th.  So we will
16 say November 1st for report re counsel and for arraignment as
17 well.
18     Make sure that you have gone over the indictment in
19 detail with your client between now and then, Mr. Bell.
20     MR. BELL:  Of course, your Honor.  Understood.
21     THE COURT:  OK.  Anything else for this gentleman?
22     MR. BELL:  Not from us, your Honor.  Thank you for
23 your time.
24     THE COURT:  OK.
25     MR. LUNKENHEIMER:  Not from the United States, your

1    Honor.  Thank you very much.
2               THE COURT:  All right.  Thanks.
3               Mr. Saab Moran, if you would put the phone down and
4    then tell the corrections officer you're finished and tell them
5    to bring the next person in, please.
6               MR. BELL:  Thank you, Judge.
7               THE COURT:  Hold on one second before you go.
8               MR. BELL:  Sure.
9               (Pause)
10              THE COURT:  Go ahead.  Did somebody have something?
11              MR. BELL:  Yes.  The only other thing, Judge, as you
12   know, it would be important to us to speak to Mr. Saab sooner
13   rather than later.  We would like the FDC to facilitate a call
14   as soon as possible.
15              THE COURT:  OK.  Sherry, can you let FDC know that,
16   please.
17              THE DEPUTY CLERK:  Sure.
18              THE COURT:  We will send an email to them.
19              MR. BELL:  Judge, we appreciate that.  That would be
20   very helpful.
21              THE COURT:  Good.
22              MR. LUNKENHEIMER:  Your Honor, I contacted BOP counsel
23   to help try and arrange such a call and have been emailing
24   defense counsel with the proper contacts.  Any assistance
25   Sherry can provide or the marshals obviously would be greatly

```
 1   appreciated in that.
 2            THE COURT:  OK.  Good.  All right.  Thanks.
 3            Good luck to you, Mr. Saab.
 4            MR. BELL:  Thank you, Judge.
 5            THE COURT:  Thanks a lot.
 6            (Adjourned)
 7
 8                      C E R T I F I C A T E
 9
10       I hereby certify that the foregoing is an accurate
11   transcription to the best of my ability of the digital audio
12   recording in the above-entitled matter.
13
14   December 11, 2021         s/ Joanne Mancari
                               Joanne Mancari, RPR, CRR, CSR
15                             Court Reporter
                               jemancari@gmail.com
16
17
18
19
20
21
22
23
24
25
```