UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CR-20450-SCOLA

UNITED STATES OF AMERICA

vs.

ALEX NAIN SAAB MORAN, and
ALVARO PULIDO VARGAS,

   Defendants.
_____/

**UNITED STATES' UNOPPOSED MOTION TO UNSEAL DOCKET ENTRY 45**

  The United States of America, by and through the undersigned counsel, hereby moves the Court for an order unsealing Docket Entry 45, this Court's Order Denying Motion to Vacate Order Conferring Fugitive Status and for Leave for Special Appearance to Challenge Indictment, presently filed under seal. Counsel for Defendant Alex Nain Saab Moran does not oppose the relief requested by this motion. In support this motion, undersigned counsel states the following:

  1. Defendant-Appellant Alex Nain Saab Moran ("Saab") was charged in a criminal indictment returned by a grand jury sitting in the Southern District of Florida with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count One), and seven counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2 (Counts Two through Eight). DE 1. Counts Two through Eight were subsequently dismissed upon the United States' motion. DE 63, 64.

  2. On January 21, 2021, Saab, through counsel and without having made an initial appearance before the district court, filed a motion to vacate the district court's

previous order transferring Saab to "fugitive status" and for leave to make a special appearance in order to file a motion to dismiss the indictment. In the course of litigating Saab's motion, the Government filed two documents with this Court under seal, DE 25 and 26.

3. On March 18, 2021, this Court denied Saab's motion pursuant to the fugitive disentitlement doctrine, concluding that Saab was "precluded from attacking his fugitive status and indictment until he is physically present in this jurisdiction." This Court filed two orders denying Saab's motion, DE 45 and 46. Docket Entry 45 was a sealed version of the Court's order, which made reference to information contained within the Government's then-sealed filings, DE 25 and 26.

4. On February 16, 2022, this Court issued an order unsealing DE 25 and 26. DE 91. Those filings were unsealed by the clerk the same day. DE 92.

5. In light of the fact that the sealed content contained within DE 45 derives from documents which are now publicly-filed on the Court's docket, combined with the "presumption of openness [that] inheres in the very nature of a criminal trial under our system of justice," *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980) (plurality opinion), the Government requests that this Court also unseal DE 45.

6. Undersigned counsel has conferred with David B. Rivkin, Jr., counsel for Saab, who represents that he does not oppose the Government's motion to unseal.

WHEREFORE, the Government respectfully requests that this Court unseal Docket Entry 45 and instruct the clerk to file the document on the public docket.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
Criminal Division, Fraud Section

By:     /s/ *Jeremy R. Sanders*
        Jeremy R. Sanders
        Florida Special Bar No. A5502214
        Appellate Counsel
        Criminal Division, Fraud Section
        United States Department of Justice
        1400 New York Ave., NW
        Washington, DC  20005
        Tel: (202) 616-2650
        Email: jeremy.sanders@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2022, the undersigned electronically filed the foregoing document, United States' Unopposed Motion to Unseal, with the Clerk of the Court using CM/ECF.

/s/ Jeremy R. Sanders
Jeremy R. Sanders
Appellate Counsel
Criminal Division, Fraud Section
United States Department of Justice