# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 02, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ____AP____ D.C.

Jun 2, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 21-11083-JJ
Case Style: USA v. Alex Saab Moran
District Court Docket No: 1:19-cr-20450-RNS-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-11083

_____

UNITED STATES OF AMERICA,

                                                                                                       Plaintiff-Appellee,

*versus*

ALEX NAIN SAAB MORAN,

                                                                                                         Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20450-RNS-1

_____

JUDGMENT

ISSUED AS MANDATE: 06/02/2022

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: May 2, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 21-11083

_____

UNITED STATES OF AMERICA,

                                           Plaintiff-Appellee,

*versus*

ALEX NAIN SAAB MORAN,

                                           Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20450-RNS-1

_____

Case 1:19-cr-20450-RNS Document 102 Entered on FLSD Docket 06/02/2022 Page 5 of 11
USCA11 Case: 21-11083 Date Filed: 05/02/2022 Page: 2 of 6

2                   Opinion of the Court                 21-11083

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Alex Nain Saab Moran appeals the district court's order denying his motion to vacate an order conferring fugitive status and for leave to file a special appearance. As relevant to this appeal, Saab Moran sought to vacate his fugitive status, and to file a special appearance, to argue that he is immune from prosecution because he is a foreign diplomat. The district court denied Saab Moran's motion because of the fugitive disentitlement doctrine and did not address whether Saab Moran is immune from prosecution. During this appeal, however, Saab Moran was extradited to the United States and appeared before the district court.

Because Saab Moran is no longer a fugitive, the issue of fugitive disentitlement is moot. Saab Moran contends that this Court should still determine whether he is immune from prosecution. After careful review, and with the benefit of oral argument, we conclude that the district court should decide, in the first instance, whether Saab Moran is a foreign diplomat and immune from prosecution.

    I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On July 25, 2019, Saab Moran was charged with one count of conspiracy to commit money laundering and seven counts of laundering monetary instruments. Saab Moran did not appear before the district court in response to these criminal charges.

21-11083               Opinion of the Court                    3

Therefore, in August 2019, the district court entered an order "transfer[ring]" Saab Moran "to fugitive status."

On June 12, 2020, Saab Moran was arrested in Cape Verde under an international arrest warrant. Saab Moran was travelling from Venezuela to Iran. But his flight landed in Cape Verde to refuel. According to Saab Moran, he was travelling to Iran in his capacity as a special envoy to the Government of Venezuela.

On June 21, 2020, the U.S. government submitted an extradition request. A court in Cape Verde approved the government's request, but Saab Moran appealed that order and opposed extradition.

Saab Moran also moved to vacate the district court's order conferring fugitive status. In that motion, Saab Moran sought leave to make a special appearance to challenge the indictment. Among other arguments, Saab Moran sought to contest the indictment asserting that, as a special envoy to the Government of Venezuelan, he is immune from prosecution in the United States. Saab Moran filed various exhibits in support of his argument, and he also attached his proposed motion to dismiss as an exhibit.

The district court denied Saab Moran's motion. In so doing, the district court found that the fugitive disentitlement doctrine applied and that the doctrine prevented Saab Moran from challenging his fugitive status and the indictment. Because the district court determined that Saab Moran was "precluded from attacking" the indictment, and denied his motion for a special appearance, the

Case 1:19-cr-20450-RNS Document 102 Entered on FLSD Docket 06/02/2022 Page 7 of 11
USCA11 Case: 21-11083 Date Filed: 05/02/2022 Page: 4 of 6

4                  Opinion of the Court                 21-11083

district court did not address the merits of Saab Moran's argument that he was immune from prosecution.

Saab Moran appealed the district court's order. While his appeal was pending, Saab Moran was extradited to the United States. Saab Moran has since appeared before the district court, and he has conceded that "the fugitive disentitlement issue in this case is moot."

## II.     DISCUSSION

The district court denied Saab Moran's motion to vacate his fugitive status and to specially appear due to the fugitive disentitlement doctrine, which "permits a district court to 'sanction or enter judgment against parties on the basis of their fugitive status.'"[1] *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017) (quoting *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998)). But Saab Moran is no longer a fugitive. While his appeal was

---

[1] We have jurisdiction to review the district court's order because the district court declined to rule on the issue of diplomatic immunity. *See Collins v. Sch. Bd. of Dade Cty., Fla.*, 981 F.2d 1203, 1205 (11th Cir. 1993) (holding that the Court had jurisdiction because "[t]he district court's order declining to rule on the qualified immunity issue pending trial effectively denies defendants the right not to stand trial"); *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1447–48 (11th Cir. 1996) ("Even though the district court deferred a ruling on Eleventh Amendment immunity, we have jurisdiction to review the court's order . . . Like a public official's qualified immunity, a state's Eleventh Amendment immunity is 'an entitlement not to stand trial or face the other burdens of litigation'" (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985))).

21-11083               Opinion of the Court                5

pending, Saab Moran was extradited to the United States, and he has appeared before the district court.

As a result, Saab Moran has conceded that "[t]he fugitive disentitlement doctrine is no longer implicated in this appeal." Because we agree with the parties that "the fugitive-disentitlement issue in this case is moot," we must dismiss that issue and vacate the district court's order addressing it. *De La Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) ("[W]hen an issue in a case becomes moot on appeal, the court not only must dismiss as to the mooted issue, but also vacate the portion of the district court's order that addresses it.").

Here, the district court denied Saab Moran's motion solely on fugitive disentitlement grounds, and therefore, the district court did not address whether Saab Moran is a foreign diplomat and immune from prosecution. Saab Moran argues, however, that this Court should still decide that issue in the first instance. We decline the invitation as we are "a court of review, not a court of first view." *Callahan v. United States Dep't of Health & Hum. Servs. through Alex Azar II*, 939 F.3d 1251, 1265–66 (11th Cir. 2019). And "[t]he determination of whether a person is a foreign diplomatic officer 'is a mixed question of fact and law.'" *Ali v. Dist. Dir., Mia. Dist., U.S. Citizenship & Immigr. Servs.*, 743 F. App'x 354, 358 (11th Cir. 2018) (quoting *United States v. Al-Hamdi*, 356 F.3d 564, 569 (4th Cir. 2004)).

Here the parties did not have the opportunity to fully develop the record, and the district court did not have the

| 6 | Opinion of the Court | 21-11083 |
|---|---|---|

opportunity to weigh the evidence, concerning Saab Moran's claim that he is immune from prosecution because he is a foreign diplomat. We are therefore "poorly situated to decide [this mixed question of fact and law] in the first instance." *Garrett v. Higgenbotham*, 800 F.2d 1537, 1539 (11th Cir. 1986); *see also Jones v. Governor of Fla.*, 950 F.3d 795, 807 n.8 (11th Cir. 2020) ("[S]ince consideration of the merits of the claim is at a minimum a mixed question of law and fact, turning in part on undeveloped facts . . . it would be inappropriate for us to rule on it in the first instance."). Accordingly, we remand the case to the district court to consider in the first instance whether Saab Moran is a foreign diplomat and immune from prosecution.

### III.   CONCLUSION

For all these reasons, we vacate the district court's order as moot and remand the case to the district court.[2]

**VACATED AND REMANDED.**

---

[2] As a result of this conclusion, we deny the government's motion to dismiss as moot.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　For rules and forms visit
Clerk of Court　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.ca11.uscourts.gov

May 02, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-11083-JJ
Case Style: USA v. Alex Saab Moran
District Court Docket No: 1:19-cr-20450-RNS-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Tiffany A. Tucker, JJ</u> at <u>(404)335-6193</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion