# EXHIBIT A

LAW OFFICES

# NEIL M. SCHUSTER

SUITE 2C
555 N.E. 15th STREET
MIAMI, FLORIDA 33132

NEIL M. SCHUSTER *
ANDREW HORN
    OF COUNSEL
*ALSO ADMITTED IN COLORADO
& DISTRICT OF COLUMBIA DISTRICT COURT

TELEPHONE (305) 416 - 0324
TELECOPIER (305) 416 - 0325
e-mail: neil@neilmschuster.com

November 18, 2021

Via Email:    Kurt.Lunkenheimer@usdoj.gov
                 Alexander.Kramer@usdoj.gov

Alex Kramer
Trial Attorney
DOJ Fraud Division

AUSA Kurt Lunkenheimer
Office of the U.S. Attorney
99 N.E. 4th Street
Miami, FL 33132

       RE:    *U.S. v. Saab Moran et al*, Case No. 19-cr-20450-RNS, SDFL
              DISCOVERY REQUEST

Dear Kurt and Alex:

       To prepare for all proceedings, as well as defensive motions, including dismissal, I respectfully request the government produce the described material pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rules 12 and 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. The government has a continuing obligation to produce all evidence required by law and the Federal Rules of Criminal Procedure. *See id.* at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request); *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (holding that the obligation to disclose includes evidence "known only to police investigators and not to the prosecutor," and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf ..., including the police"); *United States v. Agurs*, 427 U.S. 97, 107 (1976) (holding that the duty to disclose exculpatory evidence applies even when there has been no request by the accused); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (holding that *Brady* encompasses impeachment evidence); *see also* Fed. R. Crim. P. 16(a) (outlining information subject to government disclosure); *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (holding that the disclosure requirements of Fed. R. Crim. P. 16(a)(1)(C) apply to inculpatory, as well as exculpatory, evidence). The government also must produce evidence pursuant to the Standing Discovery Order.[1]

---

[1] I request any discovery material in the possession of any government agency that participated in the investigation of this case including, but not limited to, the United States Attorney's Offices, including Main Justice, who may have worked with the cooperating witnesses and agents in this case including but not

The government's obligation to provide exculpatory evidence pursuant to *Brady* in a timely manner is not diminished either by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16. *See United States v. Tarantino*, 846 F.2d 1384, 1414 n.11 (D.C. Cir. 1988); *see also* Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled."). Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure. *See United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988).

Therefore, the defense requests the government produce in a timely manner any evidence in its possession that is favorable to the defendant and material to punishment. The defense further requests the government produce all discoverable evidence in a readily usable form. For example, the defense requests the government to produce documents as they are kept in the usual course of business or to organize and clearly label them.

The defense also requests the government produce electronically stored information in a form in which it is ordinarily maintained unless the form is not readily usable, in which case the defense requests the government to produce it in a readily usable form. If the information already exists or was memorialized in a tangible format, such as a document or recording, the defense requests that the information be produced in that format. If the information does not exist in such a format and, as a result, the government is providing the information in a summary format, the defense requests that the summary include sufficient detail and specificity to enable the defense to assess its relevance and potential usefulness.

I note a few items that require your expeditious consideration. Given the mountain of materials we believe will be responsive to a more formal request, we have no objection to a reasonably staged disclosure subject to our future discussions.

As a preliminary disclosure, we request that the following items be provided as soon as practical.

1. Any oral, written, or recorded statement, electronic text message, WhatsApp or other written electronic communication, confession, or admission, or the substance of any oral statements relating, directly or indirectly, to "cooperation," oblation, or related to charges in this case or what might be considered Rule 404(b) or inextricably intertwined evidence, made by my client to investigating officers or any individual acting under their direction including, but not limited to, any government informant or source or to someone who is now a government percipient witness. This request includes, without limitation:

    a. Any relevant written or recorded statements made by my client, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the government.

    b. Any written or recorded statement, or the substance of any oral statement, and any reports, memoranda, transcripts, or other documents or recordings into which

---

limited to HSI, ICE, the Federal Bureau of Investigation, the Drug Enforcement Administration, related Task Force Agents, as well as assisting foreign agents/agencies in Colombia, Venezuela, and elsewhere.

2

      such written or recorded statement was incorporated, allegedly made by my client or his representatives to any federal, state or local government agent before or after my client's arrest.

    c.    My client also respectfully requests production of rough notes of interviewing officers pertaining to any witness upon whose recorded or other statements the government seeks to rely. Any agent who interviewed the declarant or maintains notes or reports reflecting inconsistent or perjurious statements should disclose such documents.

2.    Any written or recorded statement, or the substance of any oral statement, made by any codefendant or conspirator[2] that allegedly inculpates my client, whether or not its use at trial would raise issues under *Bruton v. United States*, 391 U.S. 123 (1968) and *United States v. Schwartz*, 541 F.3d 1331 (11th Cir. 2008). To that end we also seek the tapes and related reports of purported statements, if any, made by the CS and Bagley as further described in the sentencing memorandum filed by the parties in the matter styled *United States v. Bagley*, 19CR00765-JSR, SDNY and others which arguably apply to members of the Pulido family or organization.

3.    All books, papers, documents, photographs, videotape recordings, audiotape recordings, microfilm, microfiche, computer data storage systems or tangible objects, or copies or portions thereof, including, but not limited to, emails and memoranda (hereinafter referred to in this letter as "documents"), which were obtained from or purportedly belong to our client, including at the time of his arrest, whether on the plane or on his person, or which are claimed to be associated with any wire transactions that are the subject matter of this indictment, including dismissed counts, and related to companies such as Asasi Food FZE, Salva Foods 2015, CA, Group Grand Limited, Group Grand Limited, S.A. de C.V., Group Grand Limited General Trading, Mulberry Proje Yatirim Anonim Sirketi (Mulberry), Seafire Foundation, C I Fondo Global De Alimentos LTDA, Emmr & CIA. S.A.S., Global Structure, S.A., Multitex International Trading, S.A., Sun Properties LLC, Clio Management Corp., and Silver Bay Partners FZE (Silver). This request includes any documents obtained from, or which were the property of, any employee or agent of, or professional consultant to our client, in either a personal or business capacity. Fed. R. Crim. P. 16(a)(1)(E)(iii).

4.    All documents[3] and[4] information requested include not only documents and information in the possession, custody, or control of your office, but also documents and information in the possession, custody, or control of any agency or government allied with, or cooperating with, the prosecution including, but not limited to, copies or portions thereof, which are within the possession, custody, or control of the government that are material, (1) to the preparation of the Diplomatic Immunity defense, (2) to the claim of federal jurisdiction for financial or wire transactions and FCPA violations described in the indictment, (3) to the claim that conspirators acted within the United States. Fed. R. Crim. P. 16(a)(1)(E)(i), and (4) to Due Process issues concerning the entirety of the extradition process.

---

[2] As used in para. 2, the term "prosecution witness" includes both witnesses whom the prosecution intends to call to the witness stand during sentencing and declarants whose out-of-court statements the prosecution intends to present as non-hearsay or pursuant to a hearsay exception. *See* Fed. R. Evid. 806.

[3] The word "documents" includes all books, papers, letters, correspondence, e-mails, notebooks, reports, memoranda, studies, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, and all copies or portions thereof, and any nature whatsoever.

[4] As used in this letter, the words "and" and "or" mean "and/or," and the words "includes" and "including" mean "includes (or including) without limitation."

**5.     All reports of testing or examination of any electronic or digital equipment, including all computers, cell phones, or digital video recording devices related to my client's arrest.**

6.     This request includes what is sometimes referred to as "sentencing discovery." Specifically, please provide any documents or information which you reasonably expect to rely on in seeking an advisory guideline offense level regarding the amount of money or any potential guideline adjustment up from the Base Offense Level or any contradictory evidence.

7.     Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972), and the SDO, I request (i) immediate disclosure of all exculpatory material in the government's possession, custody, or control or otherwise known to the government. Such exculpatory information would include, among other things, (a) documents that call into question the jurisdictional basis of the charges; (b) information that calls into question any statements or representations of your witnesses regarding the acts described in the indictment, what is commonly referred to as inextricably intertwined evidence or prospective Rule 404 (b) disclosures; (c) any documents or information that arguably support a prospective motion to dismiss predicated on any form of immunity as a Special or Permanent Envoy or Diplomat from the Bolivarian Republic of Venezuela to the Islamic Republic of Iran, or as Ambassador to the African Union, or any other status meriting protection of some form of diplomatic immunity and (d) any documentation related to the treatment and mistreatment of the defendant by law enforcement officials in Cape Verde.

8.     In addition, I request disclosure of all impeachment material in the government's possession, custody, or control, or otherwise known to the government, at least 60 days prior to the any hearing or trial date, including pre-trial release.

Four other items merit early production.

First, we request that your Office provide a copy of (1) all diplomatic notes to or from Cape Verde related to, supportive of, or relating to this Nation's extradition request, including those that may relate to the Rule or Doctrine of Specialty, and (2) sealed pleadings (including orders) filed in connection with the earlier district court and appellate court litigation concerning the right of Mr. Saab to litigate while in Cape Verde custody. *See*, *United States v Saab Moran*, SDFL, Case No. 19-cr-20450-Scola, Motion to Vacate Order Conferring Fugitive Status and Leave for Special Appearance to Challenge Indictment, DE 24, responses, replies, etc., *passim*.

Second, we request all documents relating to, and names of witnesses to, the treatment of my client while in custody in Cape Verde, including both Cape Verde witnesses and agents of the United States, whether contracted or employed by the United States, who interrogated my client. This request includes the circumstances of his custody and the circumstances of any interrogations, as well as any related statements.

Third, we request all evidence of any item, thing, compensation, promise or suggestion of benefit made to Cape Verde to induce or in exchange for my client's extradition to the United States. We also request all evidence of any threats made to any country in order to coerce or persuade any country to extradite our client to United States.

Fourth, pursuant to 18 U.S.C. 3504, Title I or Title III, also, would you kindly affirm or deny the existence of any electronic surveillance by any federal, state, or foreign law enforcement agency, including but not limited to matters before the FISC and under FISA and if so, provide the required disclosures consistent with governing law.

I recognize that certain of these requests may arguably trigger the provisions of Rule 16(b)(1)(A)-(C). Currently, I am in not in possession of nor have I seen any information or documents that would require reciprocal discovery other than medical reports, but I will produce such required disclosures if they become available as the case progresses. I have sent you the request we filed with the FDC asking for the defendant's prescription medication.

**PHYSICAL EXAMINATION AND INSPECTION**

Finally, we would like to make appropriate arrangements to view and inspect any physical evidence in the possession, custody, or control of the government as soon as possible. We understand that the process for conducting viewings and inspections can be lengthy, so please contact me at your earliest convenience so that we may make the necessary arrangements.

We thank you for your review.

Sincerely yours,

*s/ Neil M. Schuster*
Neil M. Schuster


NMS:map