IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEX NAIN SAAB MORAN, *et al.*,<br><br>Defendants. | Case No. 19-20450-CR-Scola |

**DECLARATION OF KENDALL WANGSGARD IN SUPPORT OF
MOTION TO PERMIT WITNESS TESTIMONY BY VIDEOCONFERENCE**

1. I, **KENDALL WANGSGARD, ESQ.**, am Counsel at the law firm of Baker & Hostetler LLP, attorneys for Defendant Alex Nain Saab Moran ("Mr. Saab") in the above-captioned matter. I have entered a special/temporary appearance *pro hac vice* as counsel in this matter. *See* ECF No. 15 (Jan. 22, 2021); ECF No. 111 (June 21, 2022). Given my position, I have personal knowledge of the information addressed herein. I am authorized to make this declaration on behalf of Mr. Saab in support of his Motion to Permit Witness Testimony by Videoconference. *See* ECF No. 127 (Sept. 1, 2022).

2. As a member of Mr. Saab's defense team, I regularly participate in email and verbal/telephonic communications among and between members of the defense team and members of the prosecution (in particular, representatives from the U.S. Attorney's Office for the Southern District of Florida and the U.S. Department of Justice's Fraud Section (together, "the government")).

3. Below I provide a high-level summary of certain significant portions of recent communications relevant to Mr. Saab's motion. The below is not intended to be a transcription of what occurred, and certain details have been omitted for purposes of brevity and efficiency.

4. *June 16, 2022*: I attended a telephonic meeting between counsel for the government and counsel for Mr. Saab on June 16, 2022. During that call, among other things, counsel for Mr. Saab informed the government that there were four potential Venezuelan witnesses and queried the government regarding assistance with expediting U.S. visas to enable in-person testimony.

5. The government stated that the potential witnesses should apply for U.S. visas, and it would then explore whether applications could be expedited. As the government advised, it does not control the process but would be happy to do what it could to assist and would make an outreach once it was provided with names and other identifying information of the witnesses.

6. Four days later, on June 20, 2022, defense counsel emailed the government the **names** and **titles** of five potential Venezuelan witnesses (one additional individual having been added following the call). VZ Witness 2 was the third individual listed in the June 20 email, which identified him/her both by name and job title. Moreover, on September 1, 2022—the day the present motion was filed—Defendant informed the government by email of the identities and job titles of both VZ Witnesses 1 and 2.

7. *July 12, 2022*: I attended a telephonic meeting between counsel for the government and counsel for Mr. Saab on July 12, 2022. During that call, among other things, counsel for Mr. Saab informed the government that the U.S. Embassy in Bogota had informed VZ Witness 1 that appointments for visa interviews were backlogged and unavailable until October 2024. The government advised that it is hard for them to do anything if there is not even an application in process, and that government counsel had been told that there needs to be an application in place before it could try to do anything.

8. On July 22, 2022, counsel for Mr. Saab emailed the government providing a copy of VZ Witness 1's passport and confirmation of submission of his/her visa application and interview appointment, scheduled for late 2024 at the U.S. embassy in Bogota.

9. *August 9, 2022*: I attended a telephonic meeting between counsel for the government and counsel for Mr. Saab on August 9, 2022. At that time, the government advised that it had no further update and did not know whether State Department expedition would be possible, but it would check and update defense counsel.

10. *August 16, 2022*: I attended a telephonic meeting between counsel for the government and counsel for Mr. Saab on August 16, 2022. Defense counsel again inquired if the government had any update regarding expediting VZ Witness 1's visa application. The government responded again that it would check. The following day (August 17), government counsel emailed defense counsel, requesting (for the first time) a copy of VZ Witness 1's "receipt from the visa application interview document that includes the bar code on it[.]" On August 30, 2022, I emailed government counsel the requested bar code.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 19, 2022
Alexandria, VA

_____
Kendall Wangsgard