# EXHIBIT 36



United States Department of State

Washington, D.C. 20520

February 09, 2021

Maria de los Angeles Luque Colmenares
7020 N. Clark Ave.
Tampa, FL 33614

Dear Ms. Luque Colemares:

  We are writing to inform you that the Government of Venezuela has forwarded to us an application from Mr. Ezequiel Fernando Uribe Nobrega who is seeking assistance under the Hague Convention on the Civil Aspects of International Child Abduction in returning Juan Angel Uribe Luque to Venezuela.

  On January 1, 1997, the 1980 Hague Convention on the Civil Aspects of International Child Abduction (Hague Convention) entered into force between the United States and Venezuela. The Hague Convention establishes a framework whereby a child who is habitually resident in one contracting country, and who has been wrongfully removed to or retained in another contracting country, may be promptly returned to the country of habitual residence so that the court there may resolve custody and access matters. The Hague Convention also establishes circumstances under which a court is not required to return a child to his/her habitual residence.

  The Department of State, Office of Children's Issues, performs the functions of Central Authority for the United States under the Convention. Pursuant to Article 10 of the Convention, the Central Authority of the country where the child is located must "take or cause to be taken all appropriate measures in order to obtain the voluntary return of the child." We write today to ask whether you are interested in working with Mr. Uribe Nobrega, and any professionals which you may find helpful such as an attorney, mediator, and/or social worker to facilitate the resolution of your family's conflict without engaging in litigation.

  Please note that the Convention does not specifically address the issue of who should have custody of the child, but rather addresses the question of where custody should be decided. The Hague Convention's objective is to protect children from the harmful effects of wrongful removal or retention by establishing procedures to ensure their prompt return to the country of their habitual residence, where custody can best be decided, as well as to secure protection for rights of access.

  For your convenience, our website at childabduction.state.gov offers information about the Hague Convention, its implementing legislation, and how the Hague

Convention is implemented in the United States. We encourage you to review this information carefully. If you do not have access to the Internet, please contact Mr. ▮ at ▮ or ▮@state.gov for printed information. After reviewing the information, we ask you to advise ▮ by February 23rd 2021 as to when and how this matter will be resolved.

If we have not received your response by February 23rd 2021, or if you elect not to return the child to Venezuela and/or come to some resolution that is mutually agreeable to you and Mr. Uribe Nobrega, then we, as the U.S. Central Authority, will be obligated under Article 7(f) of the Convention to continue processing the application and to facilitate the initiation of judicial proceedings by Mr. Uribe Nobrega to have a court in the United States determine Juan Angel Uribe Luque's country of habitual residence and where custody should be decided. Please note that, as with all documents about your child held in State Department records, we may disclose any response to this letter to individuals or entities in accordance with U.S. law, including to Mr. Uribe Nobrega and/or his legal representative. Please do not hesitate to contact Mr. Osorno if you have any further questions or need additional information.

We look forward to your favorable reply.

Sincerely,

Branch Chief, WHA-South
Office of Children's Issues
U.S. Central Authority for the Hague Abduction Convention
U.S. Department of State