IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEX NAIN SAAB MORAN, *et al.*,<br><br>Defendants. | Case No. 19-20450-CR-Scola |

## JOINT STATUS REPORT

On September 21, 2022, this Court granted a motion by the Defendant Alex Saab ("Defendant") to permit the videoconference testimony of defense witnesses located in Venezuela. Order, ECF No. 143. In so doing, the Court ordered the parties to meet and confer "concerning the safeguards and logistics necessary to ensure the integrity of the witnesses' testimony" and submit a Joint Status Report detailing such matters by October 21, 2022. *Id*.

The parties have so conferred and now respectfully submit this Joint Status Report, addressing nine safeguards/logistical considerations raised in the motion's briefing and oral argument.

**1.      Testimony Location**

Defendant confirms that by diplomatic note to the People's Ministry of Foreign Affairs of the Bolivarian Republic of Venezuela, the Swiss Embassy has confirmed that it is willing to offer facilities of the Swiss Mission in Caracas, likely the Ambassadorial Residence, as a venue for the testimony. The government maintains its opposition to Zoom testimony in Venezuela but does not

otherwise object to use of the Swiss facilities in Caracas, or another third-country's diplomatic facilities if the witnesses will not travel to a nearby U.S. Embassy.[1]

Defendant has also obtained written confirmation from Venezuelan Attorney General Reinaldo Enrique Muñoz Pedroza[2] that Venezuelan law does not prohibit the witnesses from giving testimony in foreign criminal proceedings, via video technology, from within Venezuela.

**2.   Videoconference Platform**

The parties agree that the videoconference testimony should be conducted via the Court's secure Zoom.gov system. The parties will coordinate with Court staff to arrange the logistics.

**3.   Swearing-In of Witnesses**

Defendant proposed having the witnesses sworn in by U.S. court staff, ECF No. 140 at 3, but during oral argument the Court noted that in its prior experience, "I think they have to have somebody where they are who is authorized to administer an oath under those state's or country's laws, and properly identify the person . . . ." Transcript, Hearing on Def.'s Mot. to Permit Witness Testimony by Video Conference, Sept. 21, 2022, at 18:7-13.

Defendant agrees with the Court's proposal and is willing to identify an appropriate individual who is authorized, under Venezuelan law,[3] to administer the oath and verify the identity of the witnesses.

---

[1] In the period between this Joint Status Report and the Hearing, Defendant anticipates that there will be additional discussions with the Swiss Embassy regarding logistics, technology, and requirements that the Swiss may have. Defendant will submit a follow-on notice in that event.

[2] The United States does not recognize the Government of the Maduro administration as the government of Venezuela. This includes the aforementioned individual.

[3] The government has suggested that for conduct occurring in the Swiss Embassy, the local oath should be made pursuant to Swiss law, not Venezuelan law, because the embassy is "Swiss soil." The parties will continue to confer regarding the particulars of the oath administered on-site in Caracas.

The government prefers that the witnesses also be sworn-in by U.S. court staff. The government has no opposition to the administration of a local oath but has raised two points: (1) if a local oath is administered, it should be in addition to the U.S. oath; and (2) any local oath potentially should be made pursuant to Swiss law, not Venezuelan law, because the embassy is technically on Swiss soil.

**4.  Individuals Present in the Witness Room**

The parties agree that during each witness's testimony, the only individuals who will be present will be the witness him/herself and one additional neutral individual, preferably from the embassy or consulate in which the testimony is taken, who will assist with the cameras and any other technology issues that may arise.

**5.  Cameras in the Witness Room**

The parties agree that there will be one camera in the room, focused on the witness. They also agree that prior to the beginning of each witness's testimony, a neutral individual will utilize the camera to scan the entire room and establish that no one else is present and/or confirm verbally that no one else is present.

**6.  Witness Identification**

The parties agree that prior to taking their testimony, each witness's identity will be verified via a government-issued identification. This identification will be shown over the camera and verified by the individual administering the witnesses' oaths.

**7.  Interpreter Services**

The parties agree that the Court's interpreter service will be utilized, with the interpreter connecting remotely, consistent with the Court's prior practice of using videoconferencing and interpretation.

**8.     Court Reporter**

The parties agree to utilize the Court's typical court reporter, on-site in the Courtroom.

**9.     Exhibits**

The parties agree that Exhibits will be shown to witnesses using the videoconference screen-sharing function, and hard copies will also be available in the Courtroom for examination by the Court, staff, and counsel.

Dated: October 21, 2022

BAKER & HOSTETLER LLP

/s/ *Lindy K. Keown*
Lindy K. Keown (FL: 117888)
200 South Orange Avenue
Suite 2300
Orlando, Florida 32801
Tel: (407) 649-4000
lkeown@bakerlaw.com

/s/ *David B. Rivkin, Jr.*
David B. Rivkin, Jr. (*pro hac vice*)
Elizabeth Price Foley (FL: 92380)
Jonathan R. Barr (*pro hac vice*)
Lee A. Casey (*pro hac vice*)
Richard Raile (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
drivkin@bakerlaw.com
efoley@bakerlaw.com
jbarr@bakerlaw.com
lcasey@bakerlaw.com
rraile@bakerlaw.com

Jonathan B. New (*pro hac vice*)
45 Rockefeller Plaza
11th Floor
New York, New York 10111
Tel: (212) 589-4200
jnew@bakerlaw.com

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

/s/ *Kurt K. Lunkenheimer*
Assistant U.S. Attorney
Court ID No. A5501535
99 N.E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9008
Kurt.Lunkenheimer@usdoj.gov

GLENN S. LEON
CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

/s/ *Alexander Kramer*
Alexander Kramer
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Court ID No. A5502240
1400 New York Ave. NW
Washington, DC 20005
TEL (202) 768-1919
alexander.kramer@usdoj.gov