UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: <u>19-cr-20450-SCOLA</u>

**UNITED STATES OF AMERICA,**

    **Plaintiff,**
 v.

**ALEX NAIN SAAB MORAN,**

    **Defendant.**
_____/

### UNITED STATES'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER ORDER ON MOTION TO COMPEL DISCOVERY

    The United States of America, by and through the undersigned counsel, hereby opposes Defendant Alex Nain SAAB MORAN's ("SAAB MORAN") Limited Motion to Reconsider Order on Motion to Compel Discovery (hereinafter the "Motion to Reconsider"). The Court previously ruled that the Department of State is not part of the prosecution team and that, therefore, the government has no obligation to produce materials from the Department of State. *See* Order on Defendant's Motion to Compel Discovery and Setting Production Schedule (hereinafter Order). [DE 138 at 6-7]. SAAB MORAN's Motion to Reconsider asks the Court to reverse this based on "evidence recently uncovered through the government's limited productions to date." Motion to Reconsider at 2. The documents cited by SAAB MORAN do not, however, warrant such reconsideration. These documents relate to communications with the press and between the State Department and the Department of Justice Office of International Affairs ("OIA"), which is also not part of the prosecution team per the Court's Order – a matter uncontested by SAAB MORAN in his Motion to Reconsider. The "new evidence" shows no communication between the Department of State and the prosecution team, nor does it show any communication regarding the

actual prosecution of SAAB MORAN, as opposed to his extradition. SAAB MORAN continues to request the government engage in a fishing expedition on his behalf requesting materials that are outside the possession of the prosecution team. For the reasons set forth below, his Motion to Reconsider should be denied.

## RELEVANT FACTUAL BACKGROUND

On July 25, 2019, SAAB MORAN was indicted by a federal grand jury in the Southern District Court of Florida, along with co-defendant Alvaro Pulido Vargas, with one count of conspiracy to commit money laundering and seven substantive counts of laundering monetary instruments.[1] On June 12, 2020, SAAB MORAN was detained in the Republic of Cabo Verde at the request of the United States. Following sixteen months of litigation, SAAB MORAN was extradited to the United States on October 16, 2021.

While those extradition proceedings were ongoing, SAAB MORAN's counsel filed a motion to vacate the order conferring fugitive status and for leave for a special appearance to challenge the Indictment. [DE 10.] After briefing on the motion, the Court denied the motion to specially appear to challenge the Indictment, pursuant to the fugitive disentitlement doctrine. [DE 46.] SAAB MORAN appealed that ruling to the Eleventh Circuit Court of Appeals. After full briefing and oral argument on the appeal, on May 2, 2022, the Eleventh Circuit remanded the case to this Court in order to consider in the first instance whether SAAB MORAN is a foreign diplomat and immune from prosecution. [DE 102.]

The government is well aware of its discovery and *Brady/Giglio* obligations. As discussed more fully in the government's Opposition to the Motion to Compel [DE 135], the government

---

[1] On November 1, 2021, the United States moved this Court to dismiss counts two through eight of the indictment consistent with assurances made to the Republic of Cabo Verde during the extradition process. The Court dismissed these counts the same day. [DE 63-4].

has and will continue to satisfy its ongoing obligations to produce materials within the possession, custody, and control of the prosecution team. On August 15, 2022, SAAB MORAN filed his initial Motion to Compel, seeking materials allegedly possessed by the Departments of Defense, Justice, State, and Treasury. [DE 123]. This included OIA and the Department of Justice National Security Division. *Id*. Following briefing from the government and oral argument, the Court entered its Order on September 15, 2022, granting in part and denying in part SAAB MORAN's Motion to Compel. As relevant to the Motion to Reconsider, the Order denied SAAB MORAN's "requests with regard to the Department of Defense, State, and Treasury, the OIA, the NSD, and—to the extent asserted—the CIA and U.S. Coast Guard." Order at 6. The Order also stated, "[n]othing in this Court Order should be construed to limit Saab Moran's ability to pursue the material he seeks through other vehicles such as the Freedom of Information Act." *Id*. at 7. "Nor should this Order be construed to restrict the Government from producing any material…beyond the 'prosecution team' upon the Government's own volition. *Id*.

Following the Court's Order, the government has produced to SAAB MORAN materials from OIA and the Department of State. Prior to the Court's Order, the government requested and received certain materials related to SAAB MORAN's alleged diplomatic immunity claims from OIA and the Department of State. After reviewing these materials, the government identified potentially responsive documents and provided OIA and the Department of State an opportunity to review these potentially responsive documents for any claims of privilege. The government produced the materials received from OIA on September 19, 2020. The government produced the materials received from the Department of State on October 12, 2022, and October 21, 2022. The productions included privilege logs identifying relevant privileges for documents as claimed by the stakeholders of the privilege. The government is not in possession, custody, or control of any

additional documents from OIA or the State Department.

## ARGUMENT

SAAB MORAN's Motion for Reconsideration is meritless. SAAB MORAN claims that the material he seeks raises significant *Giglio* concerns but ignores that the government's obligations are still limited to materials within the possession, custody, and control of the prosecution team. The government has and will continue to satisfy its discovery obligations. It has provided all responsive documents it has received from OIA and the Department of State. Finally, contrary to the baseless arguments made in the Motion to Reconsider, no documents cited by SAAB MORAN show that the State Department played "an essential role in a key prosecutorial decision." Motion to Reconsider at 5. Indeed, nothing in any of the documents cited or produced show that the State Department had any role whatsoever in the prosecution of SAAB MORAN. SAAB MORAN's renewed requests are nothing more than an attempted second bite at the apple to force the government to conduct a fishing expedition for documents outside the possession of the prosecution team.

1. *Giglio Requires the Government to Produce Only Materials in the Possession, Custody, or Control of the Prosecution Team*

SAAB MORAN's renewed *Giglio* request does not expand the government's obligations to search for materials outside the possession, custody, or control of the prosecution team. *See* Order at 5. The Government's discovery obligations are established by case law, the Jencks Act, and Federal Rule of Criminal Procedure 16. Under *Brady v. Maryland*, the Government is required to disclose to the defense evidence in the prosecution's possession that is both favorable to the accused and material either to guilt or to punishment. 373 U.S. 83, 87 (1963). The obligation to disclose favorable evidence covers exculpatory evidence, as well as information that can be used to impeach government witnesses. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The

government's obligations to produce materials pursuant to these obligations is limited to materials "within the government's possession, custody, or control." Fed. R. Crim. P. 16; *see* Order at 5. Contrary to any assertions made in the Motion to Reconsider, this obligation does not change simply because the information sought may be *Giglio*. "*Giglio* requires the prosecution to turn over to the defense evidence in its possession or control which could impeach the credibility of an important prosecution witness." *United States v. Munoz*, 2020 WL 4484510, *2 (N.D. GA Feb. 11, 2020) (emphasis added) (*quoting United States v. Jordan*, 316 F.3d 1215, 1226 n.16 (11th Cir. 2003).

The Court's September 15, 2022, Order expressly lays out the Eleventh Circuit prosecution team standard. Order at 5. "The Eleventh Circuit follows the 'prosecution team standard." *Id.* (internal citation omitted). "That standard stems from *United States v. Antone*, which requires a 'case-by-case analysis of the extent of interaction and cooperation between' entities to determine whether they form part of the 'prosecution team.'" *Id*. (citing *Antone*, 603 F.2d 566, 570 (5th Cir. 1979)). Further, the "'prosecution team' must be understood in the context of, and measured against, Saab Moran's indictment." Order at 6 (*citing Moon v. Head*, 285 F.3d 1301, 1310 (11th Cir. 2002) (discussing information-gathering by the prosecution team as related to the crime charged). "Otherwise, the Government would risk being sent on expeditions for material it did not rely on in bringing a case against a defendant. Such a state of affairs would run contrary to the notion that '[a] prosecutor has no duty to undertake a fishing expedition in other jurisdictions in an effort to find potentially impeaching evidence every time a criminal defendant makes a Brady request[.]'" Order at 6 (*quoting United States v. Meros*, 866 F.2d 1304, 1309 (11th Cir. 1989)).

The Order also specifically addresses the argument that the Department of State should be viewed as part of the prosecution team because SAAB MORAN is requesting materials related to

his extradition. Order at 5-6. "[E]xtradition proceedings and criminal prosecutions are legally distinct events. Indeed, extradition proceedings conducted in the United States are not even considered to be criminal in nature." *Id*. (*citing Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 828 (11th Cir. 1993) ("An extradition proceeding is not an ordinary Article III case or controversy. It clearly is not a criminal proceeding."); Fed. R. Crim. P. 1(a)(5)(A)). The Order specifically contemplates that the State Department and OIA worked together to achieve SAAB MORAN's extradition, "but that does not mean that it was part of the investigation leading to his indictment." Order at 6 (citations omitted). The Court correctly held that the Department of State was not part of the prosecution team because it was not involved in the investigation leading to SAAB MORAN's indictment. *Id*.

SAAB MORAN's Motion to Reconsider simply ignores this analysis in the Court's Order and offers no citation in support for the proposition that the government's discovery obligations should be expanded to require the government to search for materials outside its possession, custody, or control. The Court's Order is not unique in its holding. In *United States v. Loera*, a district court in the Eastern District of New York addressed a similar issue. No. 09 Cr. 466, 2017 WL 2821546, *7 (E.D.N.Y. June 29, 2017). There, the defendant sought to contest his prosecution as it allegedly violated the Rule of Specialty under the extradition treaty between the United States and Mexico. *Id*. at *6. The defendant sought materials, in the possession of the Department of State and OIA, related to communications between the United States and Mexico regarding his extradition as relevant to his defense. *Id*. The district court denied the request, in part, because the materials sought were not in the possession, custody, or control of the prosecution team. The court held "there must be contact between the diplomatic arms of the U.S. Government seeking extradition of a defendant and the U.S. Attorney's Office that intends to prosecute the extradited

defendant, but that contact does not intimately involve the agencies nor align the agencies for all intents and purposes." *Id*. at *7 (internal citations omitted). Indeed, "State and OIA are operating with different goals and considerations in mind than the prosecution team." *Id*. The mere fact that SAAB MORAN raises an issue related to his extradition does not bring the Department of State, who helped effectuate his extradition, into the prosecution team for discovery purposes.

With no caselaw to support SAAB MORAN's meritless second attempt to expand the obligation of the government to search for materials outside the prosecution team, he instead highlights three emails as his purported "new evidence" to support his argument. Notably, none of these emails include any correspondence between the prosecution team and the Department of State or show the Department of State involved in any way with the investigation or prosecution of SAAB MORAN for the crimes charged in the indictment.

As an initial matter, SAAB MORAN seems to argue that alleged evidence that certain individuals within the United States were aware SAAB MORAN may have had some role in "brokering" deals between Iran and Venezuela would somehow contradict the Department of State certification that SAAB MORAN does not "enjoy immunity from criminal or civil jurisdiction of the United States." *See* Motion to Reconsider at 7; DE 24-3. That is not true. Whether or not SAAB MORAN had any official diplomatic role between Iran and the Maduro regime, which the government does not concede, this would not provide him any basis for immunity in the United States. The United States would not be the sending or receiving state, nor was it the state SAAB MORAN attempted to travel through on the way to Iran. Consequently, even assuming SAAB MORAN's contention was true, this would not contradict the Department of State certification.

More importantly, the examples cited by SAAB MORAN do not provide any evidence to support the position that the Department of State is part of the prosecution team. The first example

SAAB MORAN raises is from an email exchange between individuals from the Department of State and OIA on June 14, 2020. *See* Motion to Reconsider at Ex. C. This email exchange does not include any member of the prosecution team. Instead, it is an exchange that takes place nearly one year after SAAB MORAN was indicted and occurs between individuals from two entities the Court held are not part of the prosecution team.[2] The email exchange does not relate to the criminal investigation of SAAB MORAN and instead is related to comments on reporting from a June 14, 2020, blog post[3] reporting on SAAB MORAN's capture in Cabo Verde and mentioning his status as a "diplomat" for Antigua. This purported "new evidence" provides absolutely no support for the proposition that the Department of State is part of the prosecution team or had any involvement in his indictment.

SAAB MORAN cites two additional email exchanges that similarly provide no support for his argument to expand the prosecution team to include the Department of State. The second email correspondence cited in the Motion to Reconsider is again between individuals at OIA and the Department of State. *See* Motion to Reconsider at Ex. D. While this correspondence occurs one day prior to SAAB MORAN's capture, it again takes place nearly one year after his indictment and does not, in any way, relate to the crimes he is charged with or the prosecution team's investigation. The next email cited is somehow even less relevant to the inquiry of whether the government is required to provide materials not in its possession. *See* Motion to Reconsider at Ex. E. That email correspondence, from December 2020, involves press officers from the Department of Justice and Department of State regarding an inquiry from the New York Times related to SAAB

---

[2] The Motion to Reconsider does not ask the court to reconsider whether OIA is part of the prosecution team.
[3] In inserting this email to his Motion to Reconsider, SAAB MORAN did not include the blog post link that is the subject of the email exchange.

MORAN's extradition. Again, this "new evidence" is from nearly one and a half years after SAAB MORAN's indictment and has nothing to do with his prosecution. Finally, the Motion to Reconsider notes an entry on a privilege log referencing "evidentiary" summaries. *See* Motion to Reconsider at Ex. F. The government has since provided updated privilege logs making clear these entries relate to "evidentiary" summaries in support of financial sanctions on individuals other than SAAB MORAN. They provide no support, whatsoever, for SAAB MORAN's Motion to Reconsider.

The Court's Order denying SAAB MORAN's Motion to Compel the government to seek Department of State materials outside the possession of the prosecution team was decided correctly. The Court should not entertain the Motion to Reconsider, particularly where the Motion to Reconsider cites to no case law in support of doing so and instead only highlights "new evidence" that does not show the State Department had any contact with the prosecution team. SAAM MORAN continues to grasp at straws in seeking these documents and his Motion to Reconsider should be denied.

   *2. The Government's Actions to Date Have Satisfied its Discovery Obligations*

SAAB MORAN's contention that the government's actions to date have not satisfied its discovery obligations is equally flawed. In addition to the documents identified in the government's Opposition to the Motion to Compel (DE 135 at 3-4), the government has provided materials pursuant to the Court's Order, including all materials relating to the summary of information in the August 15, 2022, letter within the possession of the prosecution team. The government has also produced material it received from OIA and the Department of State. As stated above, the government requested and received materials related to SAAB MORAN's alleged diplomatic immunity claims from OIA and the Department of State. The government has

reviewed these materials and produced responsive documents to SAAB MORAN, along with a privilege log identifying any redactions. The government is not in possession of any additional materials from other entities, including the State Department.[4]

The Motion to Reconsider claims that this is not enough and wants to compel the government to seek additional documents from the State Department. SAAB MORAN argues that where the government "agrees to undertake *Brady* searches, the Due Process Clause mandates that it exercise the same diligence as any other search." Motion to Reconsider at 10. The sole case SAAB MORAN cites in support of this due process claim is *United States v. Alshahhi*, 21-cr-371, 2022 WL 2239624 (E.D.N.Y. June 22, 2022). In *Alshahhi*, a defendant sought "records from the agencies that [he] interacted with during the time period alleged" and not just the "narrow group of prosecutors and agents in the EDNY or the files of the DOJ trial attorney from the National Security Division." *Id*. at *25. This included the Trump campaign and administration. *Id*. The court held the government's discovery obligations are limited to the prosecution team but that to the extent the government volunteers to search the files of some other agency, it would be held to the same standard "that applies to information found in its own files." *Id*. at *25-26[5]. However, the court did not go so far as SAAB MORAN suggests. Instead, where the government in that case

---

[4] The Motion to Reconsider states that the productions SAAB MORAN has received are incomplete because they do not include discussions the defendant assumes must have existed. Motion to Reconsider at 11. The Motion to Reconsider also notes the absence of diplomatic notes sent to the State Department in the productions. *Id*. The government reiterates that it has provided all responsive documents it received from the State Department and is not in possession of any additional documents. Further, the government notes that the parties agreed that the voluntary search for document held by the State Department was not intended to produce documents sent by the Maduro regime in support of SAAB MORAN's diplomatic immunity defense in Cabo Verde. SAAB MORAN was already in possession of those documents. To the extent SAAB MORAN seeks the "likely internal emails that would have followed," (*Id*.) the government again reiterates it has provided all responsive document it received from the State Department and is not in possession of any additional documents.

[5] The district court cited to no cases in support of this statement.

represented it had "already provided all communications between [the defendant] and the Trump Campaign and Administration about the Middle East that are *currently in the possession, custody or control*, including communications that fall outside the scope of Rule 16", the court held it was "inclined to agree that this is a classic fishing expedition" and denied the motion to compel. *Id*. (emphasis added). Here, the government has provided all responsive materials it received from the Department of State. The government is not in possession, custody, or control of any additional documents.

Additionally, the cases cited by the defendant in support of his argument that "Rule 16 is the minimum requirement for discovery, and a District Court can order additional discovery in the interest of fairness," [Motion to Reconsider at 10] do not support an expansion of the prosecution team. Indeed, neither of the two cases cited by the defendant required the government to provide materials outside the possession, custody, or control of the prosecution team. *See United States v. Jordan*, 316 F.3d 1215, 1226 n.16, 1249 (11th Cir. 2003) (holding that Rule 16 and *Giglio* only apply to materials within the possession, custody, or control of the prosecution team); *United States v. Thomas*, 548 F. Supp. 3d 1212, 1219 (M.D. Fla. 2021) (holding Rule 16 applies to materials within the government's possession, custody, or control).

As the Court's Order made clear, the government is obliged to provide discovery of materials within the prosecution team's possession, custody, and control. The Department of State is not part of the prosecution team. Regardless, the government has gone above and beyond its obligations and provided materials it obtained from the Department of State. The government is not in possession of any additional documents that might be responsive. Consequently, the government's actions to date have been more than adequate. If SAAB MORAN seeks materials not in the possession of the prosecution team, he can, as the Court's Order suggested, "pursue the

material he seeks through other vehicles such as the Freedom of Information Act." Order at 7. His Motion to Reconsider should be denied.

> 3. The "New Evidence" Cited in the Defendant's Motion Does Not Warrant Reconsideration

SAAB MORAN's Motion to Reconsider argues, with no support, that this Court should expand the prosecution team to include the Department of State. SAAB MORAN is unable to point to any cases in support of this proposition. Equally, he is unable to point to any documents that show the Department of State was at all involved in the underlying investigation and prosecution of SAAB MORAN. The documents attached to his Motion to Reconsider do not even show any contact between the State Department and the prosecution team. Instead, SAAB MORAN merely attempts to relitigate the same points made in his initial Motion to Compel. SAAB MORAN believes that the State Department must have material relevant to his defense. Therefore, he believes this Court should ignore Eleventh Circuit precedent and require the government to search for and produce materials outside the possession, custody, and control of the prosecution team. The Court should decline this invitation and deny the Motion to Reconsider.

SAAB MORAN argues that because he seeks to litigate his claim of diplomatic immunity, any documents possessed by the government writ large "*must* fall under Rule 16 and *Brady*." Motion to Reconsider at 12. He is, however, unable to cite any support for this argument. This failure to cite support is unsurprising given it completely ignores binding Eleventh Circuit precedent that discovery is limited to materials in the possession of the prosecution team and that that the prosecution team is necessarily understood in the context of the crimes charged. *See* Order at 5-6 (citing *Moon v. Head*, 285 F.3d at 1310; *Meros*, 866 F.2d at 1309; *Antone*, 603 F.2d at 570). SAAB MORAN was charged with money laundering and conspiracy to commit money laundering in July 2019. He does not and cannot point to any "new evidence" or other fact in support of the

proposition that the Department of State was involved in the investigation leading to those charges. As such, the Court denied his Motion to Compel on September 15, 2022. The Court should now deny his Motion to Reconsider.

## CONCLUSION

Based on the above stated facts and law, the United States respectfully asks that the Court deny the Motion to Reconsider.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: */s/ Kurt K. Lunkenheimer*
    Kurt K. Lunkenheimer
    Assistant U.S. Attorney
    Court ID No. A5501535
    99 N.E. 4th Street
    Miami, Florida 33132-2111
    TEL (305) 961-9008
    Kurt.Lunkenheimer@usdoj.gov

GLENN S. LEON
CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

By: */s/ Alexander Kramer*
    Alexander Kramer
    Trial Attorney
    Criminal Division, Fraud Section
    U.S. Department of Justice
    Court ID No. A5502240
    1400 New York Ave. NW
    Washington, DC 20005
    TEL (202) 768-1919
    alexander.kramer@usdoj.gov