IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> vs. <br><br> ALEX NAIN SAAB MORAN, <br><br>            Defendant. | Case No. 19-20450-CR-Scola |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE**
**EXPERT TESTIMONY FROM SAMUEL MARPLE**

Defendant Alex Nain Saab Moran hereby moves to exclude the proposed expert testimony of the Government's expert, Samuel Marple. Mr. Marple's proposed testimony is irrelevant, unduly prejudicial under Federal Rule of Evidence 403, and the Government's late disclosure of Mr. Marple's testimony just one week prior to the hearing prejudiced the Defendant's ability to adequately respond.

**FACTUAL BACKGROUND**

For at least several weeks prior to October 31, 2022, counsel for Mr. Saab had orally requested expert disclosures from the Government. In those conversations, the Government indicated that they were in the process of retaining an expert and would provide a disclosure once the retention was finalized. With the date for the evidentiary hearing approaching, counsel for Mr. Saab formally requested in writing that the Government comply with its Rule 16(a) disclosure obligations relating to the disclosure of expert testimony. Counsel for Mr. Saab also requested that the Government "immediately identify at least the topics and issues on which your expert(s) will be opining so that we may consider the retention of appropriate rebuttal expert(s)." *See* correspondence, attached **Exhibit A**.

The Government replied on November 8, indicating it planned to call only one expert witness to testify about Venezuelan law. *Id.* Specifically, the Government identified the following topics on which it anticipated offering testimony:

> (1) Expert will testify regarding the formal process of designating a diplomat in Venezuela.
> (2) Expert will testify regarding the different types of diplomatic status in Venezuela.
> (3) Expert will testify regarding requirements in Venezuela regarding the publication of official acts in the official Gaceta.
> (4) Expert will testify regarding the appropriate means of amending or correcting discrepancies in the official Gaceta.

*Id*.

On December 5, the Government disclosed for the first time its intent to call a second witness, Mr. Marple, to testify about his analysis as to whether any alterations have been made to certain versions of Venezuela's official newspaper, the Gaceta, that are available on the internet. *See* attached **Exhibit B**. Mr. Marple is an FBI computer scientist. His proposed testimony would cover metadata, which is technical information about a document that is not visible on the document's face, purportedly associated with Gaceta No. 6.373. Based upon documents provided as part of the December 5 expert disclosure, it appears that the Government began working with Mr. Marple no later than November 14, but did not update its prior disclosure to the defense that there would only be one expert called.

## ARGUMENT

The Government has indicated that Mr. Marple will testify about the Gaceta No. 6.373's document history. But such proposed testimony is irrelevant to the determination of whether Mr. Saab is a Special Envoy and whether he is entitled to *in transitu* immunity, and therefore inadmissible. *See* Fed. R. Evid. 402. This Court "serves as a gatekeeper, charged with screening out experts…whose expertise is irrelevant to the issue at hand." *Corwin v. Walt Disney Co.*, 475

F.3d 1239, 1250 (11th Cir. 2007). "Like all evidence, expert testimony must 'make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence,' Fed. R. Evid. 401, and may be excluded if its 'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury,' Fed. R. Evid. 403." *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 618CV1823ORL31LRH, 2020 WL 11421206, at *2 (M.D. Fla. Apr. 16, 2020).

If allowed, Mr. Marple's testimony would only attack a strawman. The Defendant is not offering into evidence any version of Gaceta No. 6.373 to prove Mr. Saab's status as a diplomat. The Defendant takes the position that Mr. Saab's appointment as a Special Envoy is established by other documents and evidence. Therefore, the Gaceta and its metadata history has no relevance to the hearing or to Defendant's diplomatic immunity defense. *See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (noting that one requirement of expert testimony is that it be relevant). The proposed testimony's subject is a sideshow, and it will simply distract from the substantive and weighty issues in this case. Because Mr. Marple's testimony is "irrelevant to the issue at hand," this Court should exclude it.

Even if this Court finds the testimony relevant, such a distraction also merits this Court excluding the testimony under Rule 403. Because no version of the April 18, 2018 Gaceta is being offered into evidence by the Defendant, testimony about its various modifications has no probative value. Whatever minimal probative value the Government may ascribe to this testimony is completely outweighed by its undue prejudice against the Defendant and the danger that it will cause confusion of the issues before the court. *See Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999) (noting that Rule 403, together with Rules 702 and 703, give courts broad

latitude "to preclude expert testimony unless it passes more stringent standards of reliability and relevance").

The Government's failure to provide timely notice of Mr. Marple's testimony has prejudiced the Defendant's ability to mount an adequate defense and so provides an independent and sufficient ground for excluding Mr. Marple's testimony under Rule 16. *See Frazier*, 387 F.3d at 1271 (observing that "courts may constitutionally preclude [a party] from offering otherwise relevant evidence if they fail to comply with the procedural rules that require notice to be given"). During the months leading up to the December 12 hearing, the Defendant had requested that the Government make the required disclosures under Rule 16(a)(1)(G) relating to disclosure of expected expert testimony. These efforts proved largely unsuccessful, resulting in a formal written request on October 31. *See* Exhibit A. The Government replied over a week later, indicating that it expected to call one expert, but that it had not yet retained one. *See* Exhibit A. It provided a general list of topics regarding Venezuelan law. For one month, the defense relied to its detriment on the Government's representation about the expert testimony it intended to offer at the evidentiary hearing. Finally, on the evening of December 5, one week before the hearing, the Government made its formal Rule 16 disclosure, in which it indicated for the first time that it plans to call two witnesses, including one, Mr. Marple, who would be testifying about a new topic, unrelated to Venezuelan law.

Timely notice is a critical part of ensuring "both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). That is why Rule 16 requires the Government to make its expert disclosures with enough time to "provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii); *see United States v. Noe*, 821 F.2d 604, 607 (11th Cir. 1987) (noting Rule 16(a)'s

4

purpose is to protect a defendant's right to a fair trial). A number of circuit courts have held that notice less than a week before the scheduled testimony violates Rule 16 as untimely. *See United States v. Bresil*, 767 F.3d 124, 127 (1st Cir. 2014) (five days untimely); *United States v. Martinez*, 657 F.3d 811, 817 (9th Cir. 2011) (same); *United States v. Hoffecker*, 530 F.3d 137, 187 (3d Cir. 2008) (three business days untimely); *United States v. Johnson*, 228 F.3d 920, 925 (8th Cir. 2000) (six days untimely); *see also United States v. Richmond*, 153 F.R.D. 7, 8 (D. Mass. 1994) (requiring notice at least forty-five days before trial).

This Court should follow the lead of those courts in ruling that notice of Mr. Marple's testimony one week before the hearing and in contradiction to earlier representations by the Government does not provide the Defendant with a "fair opportunity" to "meet the government's evidence." Such a last-minute disclosure now means there is not enough time for defense counsel to find and retain a similar expert witness. This is particularly true when the Government's witness is planning to testify to something that is irrelevant at best and confusing at worst.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the Defendant's Motion and exclude Samuel Marple's expert testimony.

Dated: December 9, 2022                    Respectfully submitted,

                                           BAKER & HOSTETLER LLP

                                           By: /s *Lindy K. Keown*
                                           Lindy K. Keown (FL: 117888)
                                           200 South Orange Avenue
                                           Suite 2300
                                           Orlando, Florida 32801

Tel: (407) 649-4000
lkeown@bakerlaw.com

*/s David B. Rivkin, Jr.*
David B. Rivkin, Jr. (*pro hac vice*)
Elizabeth Price Foley (FL: 92380)
Jonathan R. Barr (*pro hac vice*) 1050 Connecticut Avenue, N.W. Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
drivkin@bakerlaw.com
efoley@bakerlaw.com
jbarr@bakerlaw.com

Jonathan B. New (*pro hac vice*)
45 Rockefeller Plaza
11th Floor
New York, New York 10111 Tel: (212) 589-4200
jnew@bakerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify on this 9th day of December, 2022, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify counsel of record.

*/s/ Lindy K. Keown*
*Attorney for Defendant*