

# TRIBUNAL DA RELAÇÃO DE BARLAVENTO

**DEFENDANT EXHIBIT**
CASE NO. 19-20450-CR-Scola
EXHIBIT NO. **BL**

## -Certidão-

----- **Antónia Spencer Andrade Santos**, Secretária Judicial, colocada no Tribunal da Relação de Barlavento.------------------------------------------------------------------

- * -

----- **CERTIFICO** que as fotocópias anexas constituídas por duas folhas (quatro laudas), referente a um despacho, estão conforme aos originais e foram extraídas nesta Secretaria nos autos de Detenção Provisória para Extradição, registados sob o nr. ▓▓▓▓▓▓▓, em que é Requerente – **O Ministério Público** junto deste Tribunal e Requerido – **Alex Nain Saab Moran**, de nacionalidade Venezuela, natural de Colômbia.----------------------------------------

----- E por assim me ter sido pedido pela Embaixada dos Estados Unidos da América passei a presente certidão que conferi, revi e assino.--------------------------------------------------

----- Secretaria do Tribunal da Relação de Barlavento, 19 de fevereiro de 2021.--------------------

A Secretária Judicial,



**APOSTILLE**
(Convention De La Haye Du 5 Octobre 1961)

1. Pais: Cabo Verde
Este documento público
2. foi assinado por António [Santos]
3. agindo na capacidade de [Sec. Judicial]
4. possui selo/carimbo de [Tribunal Relação]
de [Barlavento]

Certificado
5. em [Praia]
6. o dia 19/02/2021
7. pel[a Direção Geral] dos Assuntos Consulares e Migrações
8. Nº 1570/2021
9. Selo/Carimbo
10. Assinatura

169



# TRIBUNAL DA RELAÇÃO DE BARLAVENTO

## Despacho

Na sequência de mandado de detenção internacional, registado na INTERPOL (red notice, alerta vermelho) sob o n.º A- ▇▇▇▇ expedido contra Alex Nain Saab Moran, de nacionalidade venezuelana, natural da Colômbia e com residência em Caracas, Venezuela, nascido em ▇▇▇▇▇▇ 1971, titular dos passaportes ordinários venezuelano n.º ▇▇▇▇ e colombiano nº ▇▇▇▇, mediante solicitação da Direção da Polícia Judiciária no cumprimento do mandado de detenção internacional emitido pela Interpol, à Procuradoria Geral da República, foi ordenada a detenção do visado a fim de ser entregue ao Poder Judicial para interrogatório, porquanto havia informações de que o mesmo se encontrava num voo que iria abastecer no Aeroporto Amílcar Cabral, da ilha do Sal, o que foi efetivada no dia 12 de junho de 2020, naquela localidade, .

Feita a detenção, o visado foi entregue ao Tribunal da Comarca do Sal, Juízo Criminal, tendo em atenção a situação de pandemia, (Corona Vírus, SARS-Cov2, Covid19), que se vive no momento, nos termos do artigo 53º, nºs 5 e 6 da Lei nº 6/VIII/2011 de 29 de Agosto, validou a detenção do arguido e decretou, face aos factos indiciários constantes dos autos, a medida provisória de detenção, com vista à extradição.

Posteriormente pelo Ministério Público junto deste Tribunal, foi promovido a apresentação do detido para interrogatório judicial, e para efeitos de ratificação e validação da medida de coação aplicada ao arguido, tendo o arguido, no dia 17 de junho, sido apresentado neste Tribunal, o de Relação de Barlavento, competente para o efeito nos termos da Lei referida. Desta forma, entregue o arguido Poder Judicial, após as diligências necessárias, no dia seguinte, por volta das 15:00, deu-se início ao interrogatório do arguido após ter-se feito a sua identificação completa e ter sido informado das razões da sua detenção provisória e os direitos que lhe enquanto arguido detido para interrogatório.

Informado dos factos que deram origem às acusações pelo Tribunal dos EUA do Distrito do



1



## TRIBUNAL DA RELAÇÃO DE BARLAVENTO

Sul da Flórida, o arguido confirmou o constante do auto lavrado na sequência do seu interrogatório na Comarca do Sal, que aqui se dá por reproduzido para todos os efeitos legais, que efetivamente sabia que havia acusação contra ele nos EUA, que havia investigação internacional sobre ele e ainda que sabia que havia um processo em investigação contra ele na Colômbia.

Disse, entretanto, que, não obstante estar na posse dessas informações, e saber que havia investigação internacional contra ele, o avião em que viajava fez trânsito em Cabo Verde para se abastecer, pois estava a caminho do Irão.

Informou que foi detido estando dentro do avião enquanto aguardavam ordens para saírem de Cabo Verde e foi informado que não podia prosseguir viagem. Que foi conduzido ao escritório do oficial que o deteve e que ali, decorrido uma hora informaram-no que havia um mandado da Interpol contra ele, embora não lho tenham mostrado e depois disseram-lhe o motivo da sua detenção. Que foi detido por três oficiais e que não sabe a que tipo de policia pertencem.

Perguntado disse que no Tribunal da Comarca do Sal foi informado dos seus direitos e foi-lhe comunicado a razão e os motivos por que ali se encontrava.

Disse ainda que tem sérios problemas de saúde que deixa á consideração deste Tribunal.

Esclareceu ainda que se encontrava a viajar como representante do Governo da Venezuela, embora com passaportes ordinários, pois o passaporte diplomático ficou na Venezuela, e que ia para o Irão para buscar bens da primeira necessidade para o governo da Venezuela.

Perguntado ainda se quer ser extraditado para os EUA, respondeu que não, que não quer ser extraditado para os EUA.

Estas foram, no essencial, o conteúdo do interrogatório do arguido detido provisoriamente para efeitos de seguimento de processo de extradição.

Do conteúdo dos autos de pedido internacional de detenção provisória e do interrogatório do arguido, constata-se que o mesmo está acusado por factos que englobam 7 crimes de lavagem de capitais, proveniente de atividade criminosa e ainda um crime de conspiração para lavagem de capitais, cuja moldura penal abstrata é de limite máximo de 20 anos de prisão, a correr os seus trâmites nos EUA, Distrito de Sul da Flórida. Em Cabo Verde, tais



# TRIBUNAL DA RELAÇÃO DE BARLAVENTO

factos têm uma moldura penal de até 12 anos de prisão, nos termos do artigo 39º da Lei nº 38/VII/2009 de 27 de Abril, alterada pela Lei nº 120/VIII/2016, de 24 de março.

A detenção do arguido foi levada a cabo por agentes de autoridade competentes, em conformidade com o solicitado no mandado de captura internacional, emitido pelas autoridades americanas competentes, reiterado pelas autoridades cabo-verdianas competentes, tendo sido cumprido mediante respeito estrito pelo plasmado na nossa Lei Fundamental e na lei processual penal (art.º 31.º, n.º 1, da Constituição da República de Cabo Verde, e art.ºs 264º, al. b), 268.º, n.º 1, 269.º e 270.º do Cód. Proc. Penal, estes aplicáveis ao caso *ex vi* do art.º 4.º, n.º 2, da Lei n.º 6/VIII/2011, de 29/08, bem assim como pelas disposições legais atinentes à detenção provisória de cidadão estrangeiro, para efeitos de pedido de extradição (art.ºs 1º nº 1, al. a), 4.º, n.º 2, 5.º, al. b), 6.º, n.º 1, 29.º, 31.º, 38.º, n.ºs 1 a 4, todos da Lei n.º 6/VIII/2011, de 29/08).

Assim, verificado que estão, conforme supra dito, todos os requisitos legais justificativos da detenção provisória do cidadão estrangeiro em alusão, para efeitos de interrogatório, com vista a aguardar pedido de extradição sob detenção provisória, observados que foram os art.ºs 35.º, n.ºs 2, 5, 7, da Constituição da República de Cabo Verde, e os art.ºs 3.º, n.ºs 1 e 3, 6.º, 7.º, 74.º, n.º 2, 76.º, n.ºs 1, al. c), e 3, 77.º, 78.º, 79.º, 80.º, 84.º, 2, todos do Cód. Proc. Penal, com base nos demais preceitos invocados da dita Lei Fundamental, no art.º 86.º do Cód. de Proc. Penal de Cabo Verde, este aplicável ao caso por via do art.º 4.º, n.º 2, da Lei n.º 6/VIII/2011, de 29/08, bem assim como no exposto no n.º 2 do art.º 62.º desta mesma lei, e demais normas referidas, por ser legal, ratifico e revalido a medida de detenção anteriormente proferida pelo Tribunal da Comarca do Sal (pelas razões já expostas).

Determino, assim, que o arguido continue a aguardar os ulteriores trâmites deste processo sob prisão preventiva, por entender que há sério perigo de o mesmo se furtar à ação da justiça. O perigo de fuga verifica-se na forma como o arguido se deslocou de um país a outro, em aviões privados alugados, a expensas do Governo venezuelano, com meios e conhecimentos para o efeito, sem receio para os outros países, mormente neste período de pandemia em que se aconselha não viajar, sabendo das investigações internacionais contra ele. Tem meios e conhecimentos para se furtar à ação da justiça, querendo.

3



# TRIBUNAL DA RELAÇÃO DE BARLAVENTO

Embora tenha junto documentos relativos à doença de que diz padecer, os documentos não estão traduzidos para a língua portuguesa, embora o que pudemos inferir é que, por enquanto poderá ser assistido por médico nacional competente para os devidos efeitos.

Desta forma, determino a manutenção provisória de detenção do indivíduo acima identificado, para efeitos de aguardar pedido de extradição para o Estado requerente, por entender que, face ao que consta dos autos, há probabilidade séria de ser condenado pelos crimes por que foi acusado.

A detenção provisória, ora validada, tem o prazo máximo de 18 dias, a contar da data da detenção do arguido, findo o qual o arguido deverá ser restituído à liberdade, caso o pedido de extradição não for recebido até essa data e não houver razões legais para a sua prorrogação.

Continuará a aguardar os termos do processo, em prisão preventiva no estabelecimento prisional em que se encontra.

Comunica-se, se possível, a prisão do arguido a um seu familiar mais próximo, a pessoa da sua confiança e/ou aos serviços consulares venezuelanos ou colombianos em Cabo Verde.

Proceda-se à comunicação imediata, pelas vias legais, aos EUA, da detenção provisória do arguido, para efeitos de pedido formal de extradição (notificando para o efeito o Mº Pº junto deste Tribunal).

Honorários fixados ao Intérprete em 10.000$00 (dez mil escudos).

Notifique-se.

Mandados de condução à Cadeia.

Mindelo, 18 de junho de 2020.

(Texto processado em computador e revisto pela relatora)

4

[Coat of Arms: Republic of Cape Verde]

# BARLAVENTO RELATIONS COURT

## Decision

Following an international arrest warrant, issued by INTERPOL (red notice) under No. ▮▮▮▮▮▮▮▮, issued against Alex Nain Saab Moran, of Venezuelan nationality, native of Colombia and residing in Caracas, Venezuela, born on ▮▮▮▮▮▮, 1971, bearer of Venezuelan passport No. ▮▮▮▮▮▮ and Colombian passport No. ▮▮▮▮▮▮, at the request of the Directorate of the Judicial Police for the execution of the international arrest warrant issued by Interpol to the Attorney General's Office, an order for the arrest of the individual targeted was issued, and then be transferred to the Judiciary Branch for questioning, as there was information that he was on a flight that would stop for refueling at the Amilcar Cabral Airport in the island of Sal. The arrest was made on June 12, 2020, at that location.

Once arrested, the defendant transferred to the Criminal Court for the District of Sal. In light of the current pandemic situation (Coronavirus, SARS-Cov2, Covid19), and under the terms of Title 53, Paragraphs 5 and 6 of Law No. 6/VIII/2011 of August 29, the order for the defendant's arrest was validated and the provisional arrest was made pending extradition in light of the evidence contained on the records.

Afterwards, the Prosecutor's Office in this court had the defendant appear for questioning. On June 17 defendant was brought before the Barlavento Relations Court, which is the competent court pursuant to the aforementioned Law on June 17 for the purpose of ratifying and validating the law enforcement measure used on the defendant. The defendant interrogation began on the following day on or about 3:00 PM after full identification was been made and he was informed of the reason for his provisional arrest and his rights as a defendant detained for questioning.

The defendant was informed of the facts giving rise to the charges by the U.S. District Court for

[Signature]

[Coat of Arms: Republic of Cape Verde]

## BARLAVENTO RELATIONS COURT

the Southern District of Florida and confirmed the following from the record after his interrogation in the County of Sal, which is incorporated herein for all legal purposes: the defendant, in fact, knew there were charges against him in the USA, that there was an international investigation about him, and he also knew there was an investigation against him in Colombia.

He said, however, that despite being aware of this information and knowing that there was an international investigation of him, the airplane on which he traveled made a refueling stop in Cape Verde, as he/it was in route to Iran.

The defendant reported he was arrested onboard while they waited for the order to leave Cape Verde and he was informed he could no longer continue his journey. He was then taken to the office of the arresting officer. One hour later, he was informed there was an Interpol warrant against him, although he was not shown it, and then he was told the reason for his arrest. He was arrested by three officers and he did not know what kind of law enforcement they were part of.

When asked, the defendant said he was informed of his rights and the reason and motives why he was there.

The defendant also said he had serious health problems that the court should consider. The defendant further clarified that he was traveling as a representative of the Government of Venezuela, although bearing regular passports since the diplomatic passport remained in Venezuela. He was on his way to Iran for essential goods for the Government of Venezuela. When asked whether he wanted to be extradited to the United States, he said no, that he does not want to be extradited to the United States.

This was, in essence, the content of the interrogation of the defendant who was provisionally arrested for purposes of extradition.

From the contents of the international request for provisional arrest and interrogation of the defendant, we confirm he is charged of facts that include seven money laundering crimes arising from criminal activity and also a charge of money laundering conspiracy, punishable with a maximum sentence of 20 years in prison, prosecuted in the USA, in the District of Southern Florida. In Cape Verde, such

[*Signature*]

2

[Coat of Arms: Republic of Cape Verde]

## BARLAVENTO RELATIONS COURT

facts are punishable by up to 12 years in prison, under the terms of Title 39 of Law No. 38/VII/2009 of April 27, amended by Law No. 120/VIII/2016 of March 24.

The defendant's arrest was executed by appropriate law enforcement, in accordance with the international arrest warrant request, issued by the competent U.S. authorities, reiterated by the appropriate Cape Verdean authorities, having been executed with strict respect for what is set forth in our Basic Laws and in the criminal procedure law (Title 31, paragraph 1, of the Constitution of the Republic of Cape Verde, and Titles 264, paragraph b), 268, paragraph 1, 269 and 270 of the Code of Criminal Procedure, as applied to case *ex vi* of Title 4, paragraph No. 2, of Law No. 6/VIII/2011 of 08/29, as well as by the legal provisions regarding the provisional arrest of foreign nationals for the purposes of extradition requests (Title 1, paragraph 1, line a), 4, n) 2, 5 line b), 6, No. 1, 29, 31, 38 items 1 to 4, all of Law nº 6/VIII/2011 of 08/29).

Thus, once confirming that all the above was abided by, all the legal requirements that justify the provisional arrest of the foreign national in question, for the purposes of interrogation, with the aim of awaiting for the request for extradition for provisional arrest, and once observing that Title 35, paragraphs No. 2, 5, 7, of the Constitution of the Republic of Cape Verde, and Title 3, paragraph 1 and 3, and Title 6, 7, 74, paragraph 2, 76, paragraph 1, line c), and 3, 77, 78, 79, 80, 84, paragraph 2, all from the Code of Criminal Procedure, based on the other precepts invoked from the Basic Laws in its Title 86 of the Code of Criminal Procedure of Cape Verde, this one applicable to the case through Title 4 paragraph 2, of Law No. 6/VIII/2011 of 08/29, as well as provided in Title 62, paragraph 2 of this same law, and other standards referred to as it is legal, I ratify and revalidate the measure for arrest previously issued by the District Court of Sal (for the reasons already explained).

I, therefore, order the defendant to continue to await the further proceedings of this process under provisional arrest as it is understood there is a serious danger that he will flee from justice. The danger of flight is confirmed by the way in which the defendant traveled from one country to another, in private rented airplanes, at the expense of the Venezuelan Government, with the means and knowledge to do so, without fear of other countries, especially in this period of pandemic in which you are advised not to travel, and his awareness of the international investigations against him. The defendant has the means and knowledge to flee from justice, if he so wishes.

[Coat of Arms: Republic of Cape Verde]

[*Signature*]

3

[Coat of Arms: Republic of Cape Verde]

## BARLAVENTO RELATIONS COURT

Although he has documents related to the illness he claims to suffer from, the documents are not translated into Portuguese, although what we can infer is that, for the time being, he will be able to be assisted by a competent national physician for the necessary purposes.

Thus, I order the provisional arrest of the defendant identified above continue, in order to await an extradition request to the requesting Nation, as it is understood that in light of the documents in the case files, there is a high probability that he will be convicted of the crimes for which he is charged.

The provisional arrest, which is now in effect, is valid for a maximum period of 18 days, from the date of the defendant's arrest, after which the defendant shall be released if the extradition request is not received by that date and there are no legal reasons for its extension.

He will continue to await under the terms of the case in temporary detention at his current detention facilities.

If possible, the arrest of the defendant will be communicated to next of kin, a trusted individual, and/the Venezuelan or Colombian consular services in Cape Verde.

The provisional arrest of the defendant shall be communicated immediately to the USA, through legal channels, for the purposes of a formal extradition request (and notifying the Prosecutor's Office of this Court for this purpose).

Court Fees are assigned to the Interpreter at $10,000.00 (ten thousand escudos).

So ordered.

Order to transport to jail.

Mindelo, June 18, 2020.

[*Signature*]

[Word processing on a computer and revised by the rapporteur]