# OFFICIAL GAZETTE
## OF THE BOLIVARIAN REPUBLIC OF VENEZUELA

| YEAR CXL – MONTH X | Caracas, Tuesday, July 30, 2013 | No. 40.217 |

### SUMMARY

### National Assembly

Organic Law on the Foreign Service.

Ratification of Accession Protocol of the Plurinational State of Bolivia to MERCOSUR.

Ratification of Constitutive Protocol of MERCOSUR Parliament.

Ratification of Amending Protocol to Protocol of Olivos for Dispute Settlement in MERCOSUR.

Ratification of Cooperation Agreement on Hydrocarbons, Petrochemicals, and Mining between the Government of the Bolivarian Republic of Venezuela and the Government of the People's Republic of China.

Decision whereby Mr. Nicolás Maduro Moros, President of the Bolivarian Republic of Venezuela, is authorized to appoint Mr. Luis Alberto Crespo as Ambassador, Permanent Representative of the Bolivarian Republic of Venezuela, before the United Nations Educational, Scientific and Cultural Organization (UNESCO).

Decision whereby immunity is lifted from representative Richard Miguel Mardo Mardo pursuant to the terms and conditions set forth in the Constitution of the Bolivarian Republic of Venezuela, and authorizing the continuation of prosecution for the purposes of Article 380 of the Organic Code of Criminal Procedure.

Decisions whereby Mr. Nicolás Maduro Moros, President of the Bolivarian Republic of Venezuela, is authorized to appoint Mr. Alejandro Israel Correa Ortega as Ambassador Extraordinary and Plenipotentiary of the Bolivarian Republic of Venezuela, before the Governments specified therein.

Resolution whereby Mr. José Luis Carpio Romero is appointed as Director of Communication and Information of this Body.

Decisions whereby the National Executive Branch is authorized to Order Additional Appropriations to the Expense Budgets in effect for the Office of the Executive Vice President of the Republic, the Ministries, and the Various Commitment and Spending Officers and their assigned Entities, in the amounts referenced therein. (See Special Edition No. 6.108 of the OFFICIAL GAZETTE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA, of this same date.)

### Office of the President of the Republic

Decree No. 257, whereby a Transfer of Budget Appropriation is approved, in the amount referenced therein, corresponding to Regular resources of the current Expense Budget of the Ministry of the People's Power for Science, Technology, and Innovation.- Decree No. 258, whereby a Transfer of Budget Appropriation is decided, in the amount indicated therein, corresponding to Regular resources of the current Expense Budget of the Ministry of the People's Power for University Education.- Decree No. 259, whereby a Transfer of Budget Appropriation is decided between Specific Actions of different Budget Categories, greater than 20%, in the amount indicated therein, to the current Expense Budget of the Ministry of the People's Power for Communication and Information.- Decree No. 260, whereby a Transfer of Budget Appropriation is decided, in the amount indicated therein, to the current Expense Budget of the Office of the Vice President of the Republic.- Decree No. 261, whereby a Transfer of Budget Appropriation is decided, in the amount indicated therein, to the current Expense Budget of the Office of the Vice President of the Republic.- Decree No. 262, whereby an Additional Appropriation is decided, in the amount indicated therein, to the current Expense Budget of the Ministry of the People's Power for Trade.- Decree No. 263, whereby an Additional Appropriation is decided, in the amount indicated therein, to the current Expense Budget of the Ministry of the People's Power for Food.- Decree No. 264, whereby an Additional Appropriation is decided, in the amount indicated therein, to the current Expense Budget of the Ministry of the People's Power for Food.- Decree No. 265, whereby an Additional Appropriation is decided, in the amount indicated therein, to the 2013 Expense Budget of the Ministry of the People's Power for the Office of the Presidency and Monitoring of Government Management.- Decree No. 266, whereby an Additional Appropriation is decided, in the amount indicated therein, to the 2013 Expense Budget of the Ministry of the People's Power for Communes and Social Protection.- Decree No. 267, whereby an Additional Appropriation is decided, in the amount indicated therein, to the Various Commitment and Spending Officers and Assigned Entities.- Decree No. 268, whereby an Additional Appropriation is decided, in the amount indicated therein, to the 2013 Expense Budget of the Office of the Vice President of the Republic.- Decree No. 269, whereby moveable property, real property, and improvements that serve the operation of the commercial company Great Walla de Venezuela, C.A., and its affiliate Companies, are expropriated.- (See Special Edition No. 6.108 of the OFFICIAL GAZETTE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA, of this same date.)

### Ministry of the People's Power for Domestic Affairs, Justice, and Peace

Resolution whereby Regulations on the Processes of Qualification, Oversight, and Suspension of Police Forces are issued.

Resolution whereby Regulations Governing Best Police Practices are issued.

Resolutions whereby the individuals indicated therein are appointed to occupy the positions indicated therein, in this Ministry.

### Ministries of the People's Power for Domestic Affairs, Justice, and Peace and for Defense

Joint Resolution whereby Authorization to Carry and Bear Firearms and Bladed Weapons is temporarily suspended throughout the National Territory of the Bolivarian Republic of Venezuela, as part of the measures to guarantee the safety of citizens and protect them from bodily harm as a result of the 2013 Safe School Vacation Program.

### Ministry of the People's Power for Foreign Affairs

Resolution whereby Brigadier General Juan Eliéser Medina Rodríguez is appointed as Military, Naval, and Air Attaché at the Embassy of the Bolivarian Republic of Venezuela accredited in Canada.

GOVERNMENT EXHIBIT
Case No.: 19-20450-CR-RNS
22a

------------------------------
## NATIONAL ASSEMBLY
------------------------------

**THE NATIONAL ASSEMBLY OF THE BOLIVARIAN REPUBLIC OF VENEZUELA**

**Decrees**

the following,

### ORGANIC LAW ON THE FOREIGN SERVICE
### TITLE I
### MAIN PROVISIONS

*Objective*

**Article 1.** The objective of this Law is to regulate and organize the operation of the Republic's foreign service, to ensure its policies and international activities in support of the sovereignty and interests of the Venezuelan people, strictly constrained by the principles of independence, equality between States, self-determination and non-intervention in domestic affairs, peaceful resolution of international conflicts, cooperation, respect for human rights, and solidarity between peoples in the struggle for their emancipation and the welfare of humankind.

*Purposes*

**Article 2.** Purposes of this Law are to strengthen national sovereignty, promoting formation of a regional geopolitical block and a multipolar world through the diversification of political, economic, and cultural relationships of the Venezuelan State; pursuant to the establishment of areas of geostrategic interest and deepening of the fraternal dialogue between peoples; respect of freedom of thought, religion, and subjection to the principle of self-determination; prioritizing the development and strengthening of Latin American and Caribbean integration, with a view to progress towards the creation and maintenance of a community of nations that defends the economic, social, cultural, political, and environmental interests of the region.

*Foreign policy as an inherent part of security and defense*

**Article 3.** The foreign policy of the Venezuelan State, developed by the Ministry of the People's Power for Foreign Affairs, is an essential part of and consistent with the security plans and comprehensive defense of the Republic; therefore, it projects itself internationally, within a democratic, participatory, and proactive system, free of threats to its survival, its sovereignty and the integrity of its territory and other geographic spaces; considering an articulation that obeys the guidelines, geostrategic and geopolitical plans, principles, and ends contained in the Constitution of the Republic, with a view to guaranteeing the comprehensive defense of the Venezuelan State; this being understood as the set of methods, measures, and actions for defense that the State actively formulates, coordinates, and carries out with the participation of public and private institutions, and domestic and foreign individuals and legal entities, in order to safeguard independence, liberty, democracy, sovereignty, territorial integrity, and the comprehensive development of the Nation.

*Principles that govern foreign service activities*

**Article 4.** For the purposes of guaranteeing the targeting of the Republic's foreign policy to the formation of a multipolar world, free of the hegemony of any imperialist, colonial, or neo-colonial power center, and of the principles that govern the international activities of the State in service of sovereignty and the interests of the Venezuelan people, the foreign service is declared a strategic activity of the State and, therefore, it must be conducted under the following programmatic framework:

1. Identification and definition of a policy for building and articulating the new poles of geopolitical power in the world, by seeking and defining new types of integration, unity, and cooperation mechanisms.

2. Strengthening of common political interests between countries, through the establishment of shared political values that allow the unification and design of common strategies for the consolidation of economic and social exchange, as well as consolidation in the unification of common positions in international mutual understanding, with a view to the development of initiatives that allow the principle of multipolarity to become operational, using the instruments of integration as tools.

3. Deepening unity, trust, and solidarity for peaceful cooperation and coexistence between peoples, basing diplomatic relations on self-determination and sovereignty; the trust arising from legal and political certainty in the fulfillment of commitments undertaken; and in the solidarity expressed in the complementarities that can be developed for achieving peace, justice, and the welfare of the people.

4. Building of new economic and financial cooperation plans to foster the comprehensive development and establishment of global fair trade, guiding international economic relationships by the principles of complementarity, cooperation, and solidarity to promote equality of benefit in commercial exchange, with the support of new financial instruments for the strengthening of development that allows use of the potential existing in the territories of each country.

5. Deepening of cultural, educational, scientific, and communications exchanges through promotion of a research platform, development of knowledge, and formative strategies for theoretical support and follow-up of the initiatives under the framework for promotion of the new global geopolitics; managing the means of production of knowledge and academic reflection on international processes and issues; and contemplating the development of a global strategy of policy formation on the content, objectives, and achievements of the Republic, aimed at social movements, researchers, intellectuals, and academics.

6. Coordination of the Ministry of the People's Power for Foreign Affairs in the development of the system of knowledge generation and production, attributing to the Republic, through an agency of the aforementioned Ministry, the power to integrate the central level with each one of the embassies and its regional level of information, by implementing a technology platform that supports knowledge management and the articulation of information transfer mechanisms.

7. Subjecting the State's foreign policy to the principles that govern the activities of the Public Administration, declaring that the foreign service of the Republic is at the service of the citizens and, therefore, its actions must be based on the principles of honesty, participation, swiftness, efficacy, efficiency, transparency, accountability, and responsibility in the exercise of public office, in full compliance with the law; framed under the guidelines of the re-founding of the Venezuelan Nation, rooted in the fusion of the most advanced values and principles of humanistic trends and the historical heritage of our Liberator Simón Bolívar's thought.

### TITLE II
### FOREIGN SERVICE
### Chapter I
### General Provisions

*President of the Republic in his/her capacity as highest strategic authority on foreign policy*

**Article 5.** The President of the Republic, in his/her capacity as Head of State and of the National Executive Branch, as the highest strategic authority of the Public Administration, directs the foreign policy of the Republic, exercises executive function and regulatory power, pursuant to the Constitution of the Republic and this Law.

*Powers of the Ministry of the People's Power for Foreign Affairs*

**Article 6.** Pursuant to current legislation, as well as that established by the President of the Republic through decrees or other guidelines, the Ministry of the People's Power for Foreign Affairs designs foreign policy, carries out and coordinates foreign relations activities, bearing in mind the higher purposes of the State and the interests of the people, as well as the specific needs and approaches of the Government agencies.

*Foreign service personnel*

**Article 7.** The foreign service is made up of officials who perform duties in the internal service and of officials in the external service, and their activity shall be subject to the fundamental principles and universal values established in the Constitution of the Republic, as well as in the principles of this Law.

The external service is comprised of officials who provide services in the diplomatic representations, consular offices, permanent representations, and temporary missions.

The internal service is comprised of administrative officials, as well as those from the temporary missions.

*Diplomatic, consular, permanent, and temporary missions*

**Article 8.** For the purposes of this Law, Mission shall be understood to mean any diplomatic representation or consular office of the Venezuelan State accredited before another State, and permanent missions are those accredited before an international institution.

Temporary missions are those designated by the President of the Republic to carry out specific acts and activities in the international arena.

Officials serving the Republic in the foreign service shall have the obligation to defend the rights and interests of the Venezuelan State, exalt patriotic principles and values, and develop the policies of the National Executive Branch; all with respect to the principle of sovereignty and non-interference in the domestic affairs of each State.

*Scope of action of the Ministry of the People's Power for Foreign Affairs*
**Article 9.** The Ministry of the People's Power for Foreign Affairs exercises its functions in the national arena through the internal service and in the international arena through the diplomatic representations, temporary missions, consular offices, and permanent missions of the Republic.

*Power to appoint Chiefs of Mission*
**Article 10.** The President of the Republic shall appoint the chiefs of the diplomatic representations, permanent missions, temporary missions, and consular offices of the Republic abroad. The designated officials shall be freely appointed and removed by the President of the Republic and they shall be subordinate to him or her through the Ministry of the People's Power for Foreign Affairs, which shall resolve what is necessary to start or end their duties pursuant to the instructions received to that effect from the President of the Republic.

*Special and Exceptional Rules of the Career System for foreign service officials*
**Article 11.** The personnel system, as well as everything related to the management of the foreign service public office, shall be regulated by the Statute that the National Assembly issues by means of special law for that purpose, which shall be regulated by the President of the Republic.

*Employment system for workers of the Ministry of the People's Power for Foreign Affairs*
**Article 12.** Ministry of the People's Power for Foreign Affairs personnel shall be governed by the Organic Labor Law.

*Conflict-of-interest system*
**Article 13.** Foreign service officials are subject to the conflict-of-interest system provided for other officials of the Public Administration, pursuant to the Constitution of the Republic, laws, and the Statute that the National Assembly issues by means of special law for that purpose, which shall be regulated by the President of the Republic.

*Special prohibition*
**Article 14.** No Venezuelan foreign service official shall be able to carry out official negotiations with foreign governments or international organizations, or sign international agreements, without the authorization of the Ministry of the People's Power for Foreign Affairs. Except for the execution of plans or programs previously approved by the National Executive Branch and as established in the treaties to which the Bolivarian Republic of Venezuela is a party.

*Non-existence of diplomatic missions*
**Article 15.** When there are no diplomatic missions, consular officials shall be authorized by the Ministry of the People's Power for Foreign Affairs to carry out diplomatic acts in accordance with international conventions and uses.

*Absences or termination of duties*
**Article 16.** In cases of absence or termination of duties of the chief of a diplomatic or permanent mission, it falls to the next official in the hierarchy with diplomatic accreditation to exercise the duties of chargé d'affaires, unless the Minister of the People's Power for Foreign Affairs expressly determines that another official shall perform such function.

In cases of absence or termination of duties of the chief of a consular office, it falls to the next official in the hierarchy with consular officer accreditation to exercise the duties of interim chief, unless the Minister of the People's Power for Foreign Affairs expressly determines that another official shall perform such function.

*Prohibition on separation from position*
**Article 17.** The officials of the external service shall not be able to separate from the exercise of their duties, or leave the jurisdiction of the State before which they are accredited, without proper authorization from the Ministry of the People's Power for Foreign Affairs.

Appropriately justified situations of personal or service emergencies are excepted; these must be reported to the Ministry of the People's Power for Foreign Affairs.

*Opening of consulates and appointment of honorary consuls*
**Article 18.** The National Executive Branch shall regulate with respect to the opening of consulates and appointment of honorary consuls of the Republic. In all circumstances, appropriate supervision of their activities must be maintained.

*Accreditation of honorary personnel*
**Article 19.** The National Executive Branch shall regulate with respect to the accreditation of honorary officials in the missions. In all circumstances, these officials must strictly comply with the obligations, duties, and prohibitions established for foreign service officials, and they are bound to conduct themselves and behave in a manner that fully respects the laws of the host State.

*Contracting system for local mission personnel*
**Article 20.** The National Executive Branch shall regulate the application of the international rules of law recognized by the Republic, in the management of employees hired locally by the missions, respecting the labor laws of the host State.

*Duty of confidentiality*
**Article 21.** Foreign service officials shall be prevented from disclosing, by any means, information that they have learned as a result of the duties carried out during their service period, for thirty years from the time the labor relationship ends, unless required by court order in cases permitted under law.

Anyone violating the duty of confidentiality commits the crime of treason under the terms established in the Criminal Code.

**Chapter II**
**Institute of Advanced Diplomatic Studies**
*The institution responsible for coordinating studies for training foreign service personnel*
**Article 22.** The Ministry of the People's Power for Foreign Affairs shall have an Institute of Advanced Diplomatic Studies responsible for coordinating studies and courses for the training, refreshing, and specialization of foreign service personnel, in accordance with the needs of the service, approved by the Minister of the People's Power for Foreign Affairs.

*Appointment of management and teaching personnel*
**Article 23.** The Minister of the People's Power for Foreign Affairs shall appoint the Director of the Institute of Advanced Diplomatic Studies, subject to the Statute that the National Assembly issues by means of special law for that purpose, which shall be regulated by the President of the Republic. The teaching personnel shall be appointed by the Director, after assessment of their duties and approval of the Minister.

**TITLE III**
**CONSULAR FUNCTION**
**Chapter I**
**Consular officials**

*Powers of the consular foreign service officials*
**Article 24.** Matters corresponding to the obligations of the consular officials, their powers, the submission of reports and record books to the Ministry of the People's Power for Foreign Affairs, matters relating to succession, consular actions in cases of shipwreck or air accident, the duties of consuls regarding national ships and their captains, regarding Venezuelan sailors, regarding the award of contracts, powers of attorney, and issuance of passports, as well as any other matter, shall be addressed in the Statute that the National Assembly issues by means of special law for that purpose, which shall be regulated by the President of the Republic.

*Subordination of consular offices*

**Article 25.** Consular office chiefs, or whoever is responsible for a consular office, are obligated to provide information with regard to the operation of their missions in an ongoing manner to the Minister of the People's Power for Foreign Affairs, as well as to the respective ambassador, when there is a diplomatic mission in the same territory.

# TITLE IV
## COMMON PROVISIONS

*Obligations of foreign service personnel*

**Article 26.** Foreign service personnel assigned to diplomatic missions, in consular offices, and in permanent missions of the Republic, are obligated to:

1. Defend the interests of the Republic, the prestige of the Nation, and the good name of its authorities and institutions.
2. Defend the rights and interests of its citizens, within their powers and in accordance with international law.
3. Promote ties between the Republic and the State or institution before which they exercise their duties.
4. Oversee faithful compliance with treaties and other international instruments in force.
5. Ensure compliance with the considerations and prerogatives that correspond to the Republic, its authorities, and officials.
6. Faithfully comply with instructions received from the Ministry of the People's Power for Foreign Affairs and keep it informed regarding the course of the matters they are handling.
7. Immediately report to the Ministry of the People's Power for Foreign Affairs regarding domestic and international matters of the country where they are accredited, when these are of interest to the Republic.
8. Inform the authorities and general public of the country where they are accredited regarding matters of interest to the foreign policy of the Republic.
9. Ensure that documents, files, passwords, and special seals, as well as similar materials, are properly safeguarded and protected from any indiscretion.
10. Establish themselves and live in accordance with their positions, and with the decorum required by the representation with which they are invested.
11. Observe the highest level of correctness in their social activities and in fulfillment of their financial obligations and, in general, engage in personal conduct consistent with the dignity of representation of the Republic.
12. Ensure the preservation and conservation of moveable and real property belonging to the Venezuelan State that is in transit or permanently installed in the country before the Government of which they are accredited.
13. Comply with and enforce the duties set forth in the Constitution, laws, and other regulatory acts of the Republic.

*Prohibitions for foreign service personnel*

**Article 27.** Foreign service personnel assigned to diplomatic missions and consular offices of the Republic, without prejudice to the provisions in the laws and regulations, shall not be able to:

1. Intervene in the domestic policy of the countries where they are located.
2. Assume the diplomatic or consular representation of another country without prior authorization from the Ministry of the People's Power for Foreign Affairs.
3. Keep for themselves any document from the archives, or publish the content thereof without proper authorization from the Ministry of the People's Power for Foreign Affairs.
4. Accept positions, gifts, honors, or compensation from foreign governments without the authorization of the Ministry of the People's Power for Foreign Affairs. Acceptance and use of awards shall be subject to the law.
5. Engage in trade, a profession, or industry in the country where they exercise their duties, or hold direct or indirect interest in any lucrative activity for personal profit.
6. Form part of committees or representations whose purpose is to take a collective position before the local government, without the prior authorization of the Ministry of the People's Power for Foreign Affairs.
7. In the case of chiefs of mission, reside outside of the city where the Government of the host State or respective international organization has its seat, or establish the consular office outside of the city established in the letters patent, except in duly justified cases.
8. Use documents, pouches, or seals, as well as other official means of communication for purposes unrelated to the service.
9. Abuse or improperly use the assets, resources, and services belonging to the mission, as well as diplomatic privileges and immunities.
10. Directly or indirectly support official proceedings for their own benefit, the benefit of family or friends, in favor of individuals or legal entities.

**TEMPORARY PROVISIONS**

**One.** The President of the Republic shall issue the Regulations that develop the principles contained in this Law.

**Two.** Within ninety (90) days of the entry into force of this Law, the National Assembly shall issue the Special Law on Foreign Service Personnel Rules, which will develop all the matters related to the foreign service personnel rule system, including the aspects regarding their abilities, duties, hierarchy, onboarding, tenure, retirement, pensions, training, evaluation, and disciplinary plan, which shall be regulated by the President of the Republic.

**Three.** The Minister of the People's Power for Foreign Affairs is ordered to carry out administrative and organic restructuring of the Ministry under his or her responsibility, as well as of the foreign service personnel, developed based on the objectives and principles considered in this Law, and in view of the guidelines determined by the Statute that the National Assembly issues by means of special law for that purpose, which shall be regulated by the President of the Republic.

The restructuring process provided for in this regulation shall begin once the Statute that the National Assembly issues by means of special law for that purpose, which shall be regulated by the President of the Republic, enters into force.

**REPEALING PROVISION**

**One.** The Law on the Foreign Service, published in Official Gazette of the Bolivarian Republic of Venezuela No. 38.241 dated August 2, 2005, is repealed. Until such time as the Special Law on Foreign Service Personnel Rules is issued, all articles regarding abilities, duties, hierarchy, onboarding, tenure, training, evaluation, and disciplinary plan for foreign service officials remain in effect.

**Two.** The Organic Law on the Consular Service, published in Official Gazette of the Venezuelan Republic No. 3.998 dated August 21, 1987, is repealed. Until such time as the regulatory instruments governing consular rights are issued, Articles 52, 53, 54, 55, 56, 57, 58, 59, and 60 of the Organic Law on the Consular Service remain in effect.

**Three.** All laws and regulations that conflict with this Law are repealed.

**FINAL PROVISION**

**Sole Provision.** This Law shall enter into force upon its publication in the *Official Gazette of the Bolivarian Republic of Venezuela*.

Issued, signed, and sealed in the Federal Legislative Palace, seat of the National Assembly, in Caracas, on June 4, 2013. 203rd year of Independence and 154th year of the Federation.

[signature]
**DIOSDADO CABELLO RONDÓN**
President of the National Assembly

[signature]                          [signature]
**DARÍO VIVAS VELASCO**        **BLANCA EeKHOUT**
First Vice President              Second Vice President

[seal:]
BOLIVARIAN REPUBLIC
OF VENEZUELA
NATIONAL ASSEMBLY
PRESIDENT'S OFFICE

[signature]                          [signature]
**VÍCTOR CLARK BOSCÁN**      **FIDEL ERNESTO VÁSQUEZ**
Secretary                         Deputy Secretary

Enactment of the Organic Law on the Foreign Service pursuant to Article 213 of the Constitution of the Bolivarian Republic of Venezuela.

Miraflores Palace, in Caracas, on July 30, 2013. 203rd year of Independence, 154th year of the Federation, and 14th year of the Bolivarian Revolution.

So ordered,
(L.S.)

[signature]
**NICOLÁS MADURO MOROS**

[seal:]
BOLIVARIAN
REPUBLIC OF
VENEZUELA
OFFICE OF THE
PRESIDENCY
PRESIDENT

Countersigned
The Executive Vice President
of the Republic
(L.S.)
JORGE ALBERTO ARREAZA MONTSERRAT

Countersigned
The Minister of the People's Power
for the Office of the Presidency
and Monitoring of Government Management
(L.S.)
WILMER OMAR BARRIENTOS FERNANDEZ

Countersigned
The Minister of the People's Power
for Domestic Affairs, Justice, and Peace
(L.S.)
MIGUEL EDUARDO RODRÍGUEZ TORRES

Countersigned
The Minister of the People's Power
for Foreign Affairs
(L.S.)
ELÍAS JAUA MILANO

Countersigned
The Minister of the People's Power
for Planning
(L.S.)
JORGE GIORDANI

Countersigned
The Minister of the People's Power
for Finance
(L.S.)
NELSON JOSÉ MERENTES DÍAZ

Countersigned
The Minister of the People's Power
for Defense
(L.S.)
CARMEN TERESA MELÉNDEZ RIVAS

Countersigned
The Minister of the People's Power
for Trade
(L.S.)
ALEJANDRO ANTONIO FLEMING CABRERA

Countersigned
The Minister of the People's Power
for Industry
(L.S.)
RICARDO JOSÉ MENÉNDEZ PRIETO

Countersigned
The Minister of the People's Power
for Tourism
(L.S.)
ANDRÉS GUILLERMO IZARRA GARCÍA

Countersigned
The Minister of the People's Power
for Agriculture and Land
(L.S.)
YVÁN EDUARDO GIL PINTO

Countersigned
The Minister of the People's Power
for University Education
(L.S.)
PEDRO ENRIQUE CALZADILLA

Countersigned
The Minister of the People's Power
for Education
(L.S.)
MARYANN DEL CARMEN HANSON FLORES

Countersigned
The Minister of the People's Power
for Health
(L.S.)

Countersigned
The Minister of the People's Power
for Labor and Social Security
(L.S.)
MARÍA CRISTINA IGLESIAS

Countersigned
The Minister of the People's Power
for Ground Transportation
(L.S.)
HAIMAN EL TROUDI DOUWARA

Countersigned
The Minister of the People's Power
for Aquatic and Air Transportation
(L.S.)
HEBERT JOSUE GARCÍA PLAZA

Countersigned
The Minister of the People's Power
for Housing and Habitat
(L.S.)
RICARDO ANTONIO MOLINA PEÑALOZA

Countersigned
The Minister of the People's Power
for Petroleum and Mining
(L.S.)
RAFAEL DARÍO RAMÍREZ CARREÑO

Countersigned
The Minister of the People's Power
for the Environment
(L.S.)
DANTE RAFAEL RIVAS QUIJADA

Countersigned
The Minister of the People's Power
for Science, Technology, and Innovation
(L.S.)
MANUEL ÁNGEL FERNÁNDEZ MELÉNDEZ

Countersigned
The Minister of the People's Power
for Communication and Information
(L.S.)
ERNESTO EMILIO VILLEGAS POLJAK

Countersigned
The Minister of the People's Power
for Communes and Social Protection
(L.S.)
REINALDO ANTONIO ITURRIZA LÓPEZ

Countersigned
The Minister of the People's Power
for Food
(L.S.)
FÉLIX RAMÓN OSORIO GUZMÁN

Countersigned
The Minister of the People's Power
for Culture
(L.S.)
FIDEL ERNESTO BARBARITO HERNÁNDEZ

Countersigned
The Minister of the People's Power
for Sport
(L.S.)
ALEJANDRA BENÍTEZ ROMERO

Countersigned
The Minister of the People's Power
for Indigenous Peoples
(L.S.)
ALOHA JOSELYN NÚÑEZ GUTIÉRREZ

Countersigned
The Minister of the People's Power
for Women and Gender Equality
(L.S.)
ANDREÍNA TARAZÓN BOLÍVAR

Countersigned
The Minister of the People's Power
for Electric Energy
(L.S.)
JESSE ALONSO CHACÓN ESCAMILLO

Countersigned
The Minister of the People's Power

| | |
|---|---|
| ISABEL ALICIA ITURRIA CAAMAÑO | for Youth<br>(L.S.)<br>        HÉCTOR VICENTE RODRÍGUEZ CASTRO<br>Countersigned<br>The Minister of the People's Power<br>for the Correctional Department<br>(L.S.)<br>        MARÍA IRIS VARELA RANGEL<br>Countersigned<br>The Minister of State<br>for Public Banking<br>(L.S.)<br>        RODOLFO CLEMENTE MARCO TORRES |

Countersigned
The Minister of State
for the Revolutionary Transformation
of Greater Caracas
(L.S.)
         FRANCISCO DE ASIS SESTO NOVAS
Countersigned
The Minister of State
for the Central Comprehensive
Strategic Development Region
(L.S.)
         CARLOS ANTONIO ALCALÁ CORDONES
Countersigned
The Minister of State
for the Western Comprehensive
Strategic Development Region
(L.S.)
         ISIS TATIANA OCHOA CAÑIZALEZ
Countersigned
The Minister of State
for the Plains Comprehensive
Strategic Development Region
(L.S.)
         NANCY EVARISTA PEREZ SIERRA
Countersigned
The Minister of State
for the Eastern Comprehensive
Strategic Development Region
(L.S.)
         MARIA PILAR HERNÁNDEZ DOMÍNGUEZ
Countersigned
The Minister of State
for the Guayana Comprehensive
Strategic Development Region
(L.S.)
         CARLOS ALBERTO OSORIO ZAMBRANO
Countersigned
The Minister of State
for the Maritime and Island Area Comprehensive
Strategic Development Region
(L.S.)
         CRISTÓBAL NICOLÁS FRANCISCO ORTIZ

------------------------------

**THE NATIONAL ASSEMBLY
OF THE BOLIVARIAN REPUBLIC OF VENEZUELA
Decrees**

the following,

**RATIFICATION OF ACCESSION PROTOCOL OF THE
PLURINATIONAL STATE OF BOLIVIA TO MERCOSUR**

**Sole Article:** The "*Accession Protocol of the Plurinational State of Bolivia to MERCOSUR*," signed in the city of Brasilia, Federative Republic of Brazil, on December 7, 2012, is approved in all its parts and for international effects as far as the Bolivarian Republic of Venezuela is concerned.

**ACCESSION PROTOCOL OF THE PLURINATIONAL STATE OF BOLIVIA TO MERCOSUR**

The Argentine Republic, the Federative Republic of Brazil, the Oriental Republic of Uruguay, the Bolivarian Republic of Venezuela, and the Plurinational State of Bolivia, hereinafter the "Parties":

**REAFFIRMING** the principles and objectives of the 1980 Treaty of Montevideo and the 1991 Treaty of Asunción;

**CONSIDERING** the "Protocol of Ushuaia on Democratic Commitment in MERCOSUR, the Republic of Bolivia and the Republic of Chile" of 1998 and the "Decision on the Suspension of Paraguay from MERCOSUR in Application of the Protocol of Ushuaia on Democratic Commitment in MERCOSUR" of 2012;

**REAFFIRMING** the importance of the accession of the Plurinational State of Bolivia to MERCOSUR for consolidation of the process of South American integration, based on mutual effort and convergence of the different subregional integration efforts and mechanisms;

**CONSIDERING** that the process of integration must be an instrument for promoting comprehensive development, confronting poverty and social exclusion, based on complementarity, solidarity, cooperation, and an effort to reduce asymmetries;

**RECALLING** that, by note from President Evo Morales to the Pro Tempore Presidency of MERCOSUR on December 21, 2006, the Government of the Plurinational State of Bolivia stated its readiness to start the work that would

Presidents, CMC [Common Market Council] Decision No. 01/07 of 01/18/2007 was adopted, which created the ad hoc Working Group for the admission of Bolivia to MERCOSUR;

**INDICATING** that under the framework of this process, two meetings of the aforementioned ad hoc Working Group were held in 2007, with a view to full admission of the Plurinational State of Bolivia to MERCOSUR;

**HIGHLIGHTING** that on the occasion of the XLI Regular Meeting of the CMC, the MERCOSUR States Parties reiterated their invitation to the Plurinational State of Bolivia to strengthen its relationship with MERCOSUR;

**BEARING IN MIND** that the Plurinational State of Bolivia will carry out its integration in MERCOSUR pursuant to the commitments arising from this Protocol, under the principles of gradualism, flexibility, and balance, recognition of asymmetries and differential treatment, and the principles of food security, means of subsistence, and comprehensive rural development.

**AGREE:**

**ARTICLE 1**

The Plurinational State of Bolivia accedes to the Treaty of Asunción, to the Protocol of Ouro Preto, to the Protocol of Olivos for Dispute Settlement in MERCOSUR, to the Amending Protocol to the Protocol of Olivos for Dispute Settlement in MERCOSUR, to the Protocol of Asunción on the Commitment to the Promotion and Protection of Human Rights of MERCOSUR, and to the Constitutive Protocol of the MERCOSUR Parliament, which are included as attachments I, II, III, IV, V, and VI, respectively, under the terms established in Article 20 of the Treaty of Asunción.

The Parties agree to make the necessary amendments to the MERCOSUR regulations for the application of this Protocol.

**ARTICLE 2**

The mechanism for settling disputes established in the Protocol of Olivos and in its Amending Protocol, shall apply to disputes in which the Plurinational State of Bolivia is involved, relating to the rules said Party has incorporated into its domestic law.

**ARTICLE 3**

The Plurinational State of Bolivia shall adopt, gradually, MERCOSUR's current body of regulations, not later than four (4) years from the date this instrument enters into force. To that end, the Working Group created in Article 12 of this Protocol shall establish the adoption schedule for said regulations.

MERCOSUR rules that on the date of entry into force of this instrument are in the process of incorporation, shall take effect with incorporation to the domestic law of the other MERCOSUR States Parties. The Plurinational State of Bolivia's incorporation of such rules shall take place under the terms of the previous paragraph.

**ARTICLE 4**

Not later than four (4) years, counted from the date of entry into force of this instrument, the Plurinational State of Bolivia shall adopt the MERCOSUR Common Nomenclature (NCM), the Common External Tariff (AEC), and the MERCOSUR Origin System. To that end, taking into account Article 5, the Working Group created in Article 12 of this Protocol shall establish the schedule for adoption of the AEC, considering exceptions in accordance with current MERCOSUR rules, seeking to preserve and increase productivity of its productive sectors.

**ARTICLE 5**

In the process of admitting the Plurinational State of Bolivia to MERCOSUR, the need to establish instruments that promote reduction of asymmetries between the States Parties shall be borne in mind, in order to favor a balanced relative economic development in MERCOSUR and ensure treatment no less favorable than that currently in effect between the Parties.

**ARTICLE 6**

The Parties agree to reach reciprocal free trade as of the date of entry into force of this Protocol, considering the provisions in Article 7.

**ARTICLE 7**

Not later than four (4) years, counted from the date of entry into force of this Protocol, the provisions of Economic Complementarity Agreement No. 36 and the Economic Complementarity and Trade Agreement between the Bolivarian Republic of Venezuela and the Plurinational State of Bolivia shall become null and void.

**ARTICLE 8**

The Working Group created in Article 12 of this Protocol shall define the conditions to be negotiated with third countries or groups of countries for the accession of the Plurinational State of Bolivia to international instruments and agreements entered into by the other States Parties with them, under the framework of the Treaty of Asunción.

**ARTICLE 9**

allow its admission as a MERCOSUR State Party;

**HIGHLIGHTING** that MERCOSUR welcomed the readiness of the Plurinational State of Bolivia to begin work with a view to its full admission to MERCOSUR and that, on the occasion of the XXXII MERCOSUR Summit of

The Parties agree that, as of the date of signature of this Protocol, and until the date of its entry into force, the Plurinational State of Bolivia shall form part of the MERCOSUR delegation in negotiations with third parties.

**ARTICLE 10**

In order to strengthen MERCOSUR, the Parties reaffirm their commitment to work together to identify and apply measures aimed at […]



JTG, inc.  
11190 Sunrise Valley Drive.  
Suite 301  
Reston, Virginia  
20191

1.703.548.7570 voice  
1.877.746.8906 toll free  
1.703.548.8223 fax

jtg-inc.com

## CERTIFICATE OF TRANSLATION

I, <u>Heather Oland</u>, certify that I am competent to translate this document, and that the translation is true and accurate, to the best of my abilities. Archival seals, stamps, and certifications have been translated here.

Document Name:  VZ-Ley de Publicaciones Oficiales-1941  
VZ-Ley Orgánica del Servicio Exterior-2013  
VZ-Ley de Publicaciones Oficiales-2022

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the attached translation is true and correct.

Executed this day of Novemeber 18, 2022.

_____  
Signature