IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　Plaintiff<br><br>　v.<br><br>ALEX NAIN SAAB MORAN,<br><br>　Defendant. | Case No. 19-20450-CR-Scola |

**DEFENDANT ALEX NAIN SAAB MORAN'S
MOTION TO MODIFY PROTECTIVE ORDER**

Defendant Alex Nain Saab Moran ("Defendant" or "Mr. Saab") respectfully requests the Court modify the Protective Order (ECF No. 76) for the limited purpose to allow Mr. Saab to utilize two emails produced by the government in discovery in a separate proceeding. In further support of this Motion, Mr. Saab states:

1. On November 26, 2021, the government moved for a protective order indicating that its forthcoming discovery included "documents and reports related to additional targets of ongoing law enforcement investigations, a co-defendant, other indicted individuals, cooperating witnesses, and personal identifiable information ('PII'), such as names, addresses, social security numbers, bank account and routing numbers, dates of birth, email addresses (the 'Sensitive Information')." ECF No. 75, at p. 1-2. Mr. Saab did not oppose the government's Motion for a Protective Order in order to facilitate discovery.

2. On November 29, 2021, the Court entered the Protective Order. ECF No. 76. The Protective Order restricts Mr. Saab's use of documents produced in the case, mandating that all documents produced may only be used "as necessary for counsel to prepare the case." *Id.*, at

¶¶ 2, 3. The Protective Order further limits who may access documents that contain Sensitive Information. *Id.*

3. Thereafter, in response to Mr. Saab's *Brady* requests, the Department of Justice produced a number of emails and documents. For the purpose of this Motion, Mr. Saab seeks to modify the Protective Order to allow him to utilize just two of the produced email strings (the "Emails")—neither of which was marked Sensitive or contains information "related to additional targets of ongoing law enforcement investigations, a co-defendant, other indicted individuals, [or] cooperating witnesses." Neither of the Emails contain the email addresses or telephone numbers of any of the individuals sending or receiving the Emails.

4. Both Emails—sent in 2020—relate to the issuance of INTERPOL notices that purportedly led to Mr. Saab's arrest and detention in Cape Verde. In particular, one of the email strings asked the U.S. prosecution team to review the language of a "Wanted Person Diffusions" and also confirm that the U.S. was committed to extraditing Mr. Saab if he were located by INTERPOL. In that email, INTERPOL Washington warned the prosecution team that INTERPOL might consider the case to be political and prohibited by the INTERPOL Constitution; and, therefore, INTERPOL Washington would seek an opinion from the INTERPOL Office of Legal Affairs in advance of issuing the diffusions in order to avoid the risk that INTERPOL would cancel the diffusions and prohibit further use of INTERPOL in Mr. Saab's case. The second email string concerned a request from the government of Cape Verde for the actual Red Notice from INTERPOL, because the Wanted Person Diffusions was not sufficient. In response, a member of the U.S. prosecution team explained that the U.S. was trying to avoid the issuance of a formal Red Notice and asked whether Cape Verde would be willing to temporarily detain Mr. Saab upon landing so that the U.S. could then follow up with a Red Notice or provisional arrest warrant.

5.      While neither Email was marked "Sensitive" or contains "Sensitive Information" (other than, arguably, the names of individuals sending and receiving the emails),[1] Defendant is nonetheless restricted to using the Emails only for his criminal defense in this case.

6.      Modification of a protective order is permitted with good cause. *United States v. Londono,* 10-20763-1-CR, 2019 WL 11216999, at *2 (S.D. Fla. Aug. 28, 2019) (quoting *United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015)) (courts asked to modify protective orders under Federal Rule of Criminal Procedure 16(d)(1) consider the nature of the protective order; the foreseeability, at the time of issuance of the order, of the modification requested; the parties' reliance on the order; and most significantly "whether good cause exists for the modification"); *In re: Chiquita Brands Int'l, Inc.,* 965 F.3d 1238, 1251 (11th Cir. 2020) (in the context of civil protective orders, good cause is required to modify).

7.      Here, good cause exists to narrowly modify the Protective Order for Mr. Saab's limited use of the two Emails in a separate legal proceeding related to Mr. Saab's arrest in Cape Verde. Mr. Saab and other members of his family are currently involved and preparing litigation in other jurisdictions, and the requested materials are essential to their litigation in those jurisdictions as it relates to the details of the Diffusion, Red Notice, and subsequent arrest. For example, the Diffusion was issued despite INTERPOL Legal Affairs having been aware for over a year that Venezuela had advised it of potentially politically motivated INTERPOL Notices being requested against Mr. Saab and that INTERPOL should consult with Venezuela prior to taking any action. The Emails demonstrate not only that the Diffusion was considered insufficient for Cape Verde to arrest and detain Mr. Saab but that three months prior to Mr. Saab's detention, the

---

[1] Defendant does not consider the names of U.S. government employees, agents, and officials, by themselves, to constitute "Sensitive Information." However, the government has indicated that it considers any and all names on documents to constitute "Sensitive Information."

INTERPOL Secretariat General had found that certain similar U.S. requests involving the Foreign Corrupt Practices Act ("FCPA") were in violation of Article 3 of the ICPO Constitution because they were deemed to be politically motivated.

WHEREFORE, Defendant Alex Nain Saab Moran respectfully requests the Court grant this Motion and allow Mr. Saab to utilize the two Emails for the limited purpose of allowing Mr. Saab to utilize them in his litigation in other jurisdictions.

## CERTIFICATION OF COUNSEL

On January 4 and 5, 2023, Counsel for Defendant Alex Nain Saab Moran conferred with the government regarding the relief sought in the Motion, and the government opposes the Motion pursuant to paragraph 2 of the Protective Order, DE 76.

Date: January 5, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

By: *Lindy K. Keown*
Lindy K. Keown (FL: 117888)
200 South Orange Avenue
Suite 2300
Orlando, Florida 32801
Tel: (407) 649-4000
lkeown@bakerlaw.com

David B. Rivkin, Jr. (*pro hac vice*)
Elizabeth Price Foley (FL: 92380)
Jonathan R. Barr (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
drivkin@bakerlaw.com
efoley@bakerlaw.com
jbarr@bakerlaw.com

Jonathan B. New (*pro hac vice*)
45 Rockefeller Plaza
11th Floor

New York, New York 10111<br>
Tel: (212) 589-4200<br>
jnew@bakerlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>s/Lindy K. Keown</u><br>
Lindy K. Keown