UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: <u>19-cr-20450-SCOLA</u>

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**ALEX NAIN SAAB MORAN,**

        **Defendant.**

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY PROTECTIVE ORDER**

The United States of America, by and through the undersigned counsel, hereby opposes Defendant Alex Nain SAAB MORAN's ("SAAB MORAN") Motion To Modify Protective Order (hereinafter the "Motion"), Docket Entry 202.

As part of SAAB MORAN *Brady*/discovery requests related to his motion to dismiss the Indictment on diplomatic immunity grounds, SAAB MORAN requested documents concerning his arrest in Cabo Verde and subsequent extradition to the United States for prosecution. The United States produced discovery in response to those requests, including the two emails at issue in the Motion. SAAB MORAN now seeks to use two emails produced in discovery in this criminal case "in a separate legal proceeding related to Mr. Saab's arrest in Cape Verde," and he and other members of his family can use them in current and future litigation in other jurisdictions. [DE 202.] SAAB MORAN claims that the emails are "essential to their litigation in those jurisdictions as it relates to the details of the Diffusion, Red Notice, and subsequent arrest." [DE 202.] The emails at issue were not utilized by SAAB MORAN in any fashion during the evidentiary hearing held on December 12 and 13, 2022, in relation to his motion to dismiss the Indictment on

diplomatic immunity grounds, nor were they utilized in oral argument concerning that motion held on December 20, 2022.

To request to modify the protective order to use the two emails at issue in other litigation and not this criminal case does not constitute "good cause." The documents were produced for the purpose of SAAB MORAN's defense against the criminal charges in this case and his defense regarding his alleged diplomatic immunity. Those purposes were contemplated by the protective order. They were not produced for the benefit of him and others in matters outside the United States and potentially for his personal benefit depending on the type of litigation in which he intends to use them. As such, the United States respectfully asks that the Court deny the Motion.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: /s/ *Kurt K. Lunkenheimer*
Kurt K. Lunkenheimer
Assistant U.S. Attorney
Court ID No. A5501535
99 N.E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9008
Kurt.Lunkenheimer@usdoj.gov

GLENN LEON
CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

By: /s/ *Alexander Kramer*
Alexander Kramer
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Court ID No. A5502240
1400 New York Ave. NW
Washington, DC 20005
TEL (202) 768-1919
alexander.kramer@usdoj.gov